Argued February 17; reversed March 1; rehearing denied
March 22, 1938

## HILGER *v.* STATE INDUSTRIAL ACCIDENT
## COMMISSION ET AL.
(76 P. (2d) 972)

Department 2.

*T. Walter Gillard,* of Portland (William P. Lord
and Robert D. Austin, both of Portland, on the brief),
for appellant.

*Victor R. Griggs* and *Oliver Crowther,* Assistant
Attorneys General (I. H. Van Winkle, Attorney Gen-
eral, on the brief), for respondent.

BAILEY, J. The plaintiff has appealed from a judgment in favor of the defendant entered on the pleadings. The only question before us is whether the plaintiff should have filed with the defendant commission a second application for rehearing, before appealing to the circuit court from the final order of the commission entered April 18, 1935.

On or about August 28, 1934, the plaintiff, while employed by Flora Logging Company and while subject to the State Workmen's Compensation Act, sustained an accidental injury in the course of his employment, resulting, according to the complaint, in permanent partial disability through impairment of the sight of both eyes, "equal to loss of function of one eye". The plaintiff's claim for compensation because of said injury was allowed by the commission, and payment based on temporary total disability was made to him for a period of three months and seventeen days. On December 28, 1934, the commission made an order fixing December 19, preceding, as the terminating date of paying plaintiff compensation for temporary total disability, and making "a final award for permanent partial disability equal to 10 per cent loss of vision of the right eye".

Within the time allowed by law the plaintiff, on January 29, 1935, filed with the defendant commission an application for rehearing of the order of December 28, 1934, in which application he claimed that he was entitled to temporary total disability for a period of 10 months from and after December 28, 1934, and to permanent partial disability equal to the loss of vision of one eye, based on the injury to both eyes. The commission on March 22, 1935, "made an order reopening plaintiff's claim for temporary total disability and further treatment and in accordance with said order

plaintiff was paid compensation for temporary total disability from the 27th day of March, 1935, until the 13th day of April, 1935, and on the 18th day of April, 1935, the defendant made a final order again closing plaintiff's claim with an award for additional compensation for loss of vision of the right eye equal to 15 per cent loss of said eye''.

The plaintiff, on May 17, 1935, filed in the circuit court for Yamhill county an appeal from the commission's order of April 18. It is the defendant's contention that the plaintiff is not entitled to appeal from that order until the commission has received and acted upon his application for rehearing, setting forth the grounds on which he considers such order unjust or unlawful. Based on the defendant's motion for judgment on the pleadings, on the ground that such an application had not been made, the circuit court entered judgment in favor of the defendant.

Section 49-1842, Oregon Code 1930, reads in part as follows:

''*  *  *  Whenever the commission has made any order, decision or award pertaining to any claim, it shall promptly serve the claimant with a copy thereof by mail *  *  *  Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing *  *  *

''Such application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof.  *  *  *

''If the commission, in its opinion, has previously fully considered all matters raised by such application it may deny the same and confirm its previous decision or award or if the evidence on file with the commission

sustains applicant's contention it may allow the relief asked in such application; otherwise it shall order a rehearing to decide the issues raised. If a rehearing is granted the commission shall consider all facts, including those arising since making the order, decision or award involved, and shall enter such order as the facts and law shall warrant."

Section 49-1843, Oregon Code 1930, as amended by chapter 455, Oregon Laws 1933, which was the law in effect at the time plaintiff appealed to the circuit court from the commission's order, reads in part as follows:

"Within 30 days after a copy of the final order of the commission upon such application for rehearing has been mailed, the claimant, as herein provided, or within 30 days after rehearing is deemed denied under section 49-1842, may appeal to the circuit court for the county in which the accident occurred * * *"

Upon plaintiff's filing his application for rehearing, the defendant commission did not, in its order of March 22, 1935, deny the same, nor did it "allow the relief asked in such application". On the other hand, it did, as stated in the commission's answer, enter an order "reopening plaintiff's claim", which, as we construe it in the light of the language of the statute, was in effect "ordering a rehearing to decide the issues raised" by the application. In the last-mentioned order the commission did not attempt, according to the pleadings, to determine the extent of the permanent partial disability affecting plaintiff's eyes, nor did it decide the question of whether plaintiff was entitled to compensation for temporary total disability for an additional period of 10 months or for any definite period.

It is the contention of the commission that the order of March 22, 1935, was the "final order of the commission upon" plaintiff's "application for a rehearing",

and that if the plaintiff desired to appeal to the circuit court without again filing a petition for rehearing, he should have appealed from that order. Had such an appeal been taken by the plaintiff under a claim that he was entitled to compensation for "permanent partial disability equal to loss of vision of one eye based upon injury to both eyes", and that he was entitled to temporary total disability for an additional period of 10 months, we surmise that he would have met with active resistance by the commission on the ground that it had not yet finally passed upon those questions and that therefore there was nothing to be considered by the circuit court. If an appeal in such instance would lie, the commission would be thwarted in its efforts to carry out the purposes of the workmen's compensation act.

Many thousands of claims for compensation are filed with the commission every year, and it is almost an impossibility for the commission to grant to each injured workman a hearing of his case before taking final action on it. In many, probably most, cases the injured workman is satisfied with the commission's award. However, in those instances in which an injured workman feels aggrieved because of some act of the commission, the statute requires that before appealing to the circuit court he must first present to the commission an application for a rehearing, in which he is required to "set forth in full detail the grounds upon which" he "considers such order, decision or award is unjust or unlawful", and such application "shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof": § 49-1842, supra. The plaintiff herein has filed such an application.

That part of § 49-1843, supra, herein quoted, grants to the injured workman a right to appeal to the circuit court of the county in which the accident occurred, "within thirty days after a copy of the final order of the commission upon such application for rehearing has been mailed".

In our opinion, the order of April 18, and not the one dated March 22, was the "final order of the commission upon" plaintiff's "application for rehearing", and no additional or further application for rehearing was required of plaintiff by the statute, before appealing to the circuit court. The judgment of the circuit court is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.

BEAN, C. J., and RAND and LUSK, JJ., concur.