Argued November 22; reversed December 5, 1939; rehearing denied
January 30, 1940

# WHITE *v.* STATE INDUSTRIAL ACCIDENT
# COMMISSION

(96 P. (2d) 772, 98 P. (2d) 955)

Department 1.

*Oliver Crowther*, Assistant Attorney General (I. H. Van Winkle, Attorney General, and C. S. Emmons and H. Lawrence Lister, Assistant Attorneys General, on the brief), for appellant.

*George P. Winslow*, of Tillamook, for respondent.

KELLY, J. Seasonably, in the circuit court defendant commission moved to dismiss claimant's appeal because no application for a rehearing upon his application for increased compensation had been filed. Under our view of the law, the question thus presented is decisive of this case. That question is, whether, where no application for rehearing such a claim has been filed, an appeal may be prosecuted to the circuit court from the failure of the State Industrial Accident Commission to act upon claimant's application for increased

compensation for aggravation, said inaction of said commission continuing for more than thirty days from the date of filing said application and no notification to claimant extending the time for entering an order thereon having been given by said commission.

The solution to his question involves a construction of three sections of the code.

One of these sections is section 49-1842, Oregon Code 1930. The following is a copy thereof:

"49-1842. Application for rehearing.—The commission shall have full power and authority to hear and determine all questions within its jurisdiction. Whenever the commission has made any order, decision or award pertaining to any claim, it shall promptly serve the claimant with a copy thereof by mail, which shall be addressed to the claimant's last known address as shown by the records of the commission. Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing, which application must be filed within sixty days from the day on which such copy of such order, decision or award was mailed claimant.

"Such application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission, and it must contain a general statement of the facts upon which the claimant relies in support thereof. The claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon which such rehearing is sought other than those specifically set forth in such application for rehearing.

"If the commission, in its opinion, has previously fully considered all matters raised by such application it may deny the same and confirm its previous decision or award or if the evidence on file with the commission sustains applicant's contention it may allow the relief

asked in such application; otherwise it shall order a rehearing to decide the issues raised. If a rehearing is granted the commission shall consider all facts, including those arising since making the order, decision or award involved, and shall enter such order as the facts and law shall warrant.

"An application for rehearing shall be deemed to have been denied by the commission unless it shall have been acted upon within thirty days from the date of filing; provided, however, that the commission may, in its discretion, extend the time within which it may act upon such application, not exceeding thirty days."

The pertinent parts of another section affecting the question are as follows:

"(c) If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman may file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. An application for increased compensation for aggravation must be filed within one [1] year from the date of the first final award of compensation to the claimant. If an application for increased compensation on account of aggravation is filed with the commission, the commission shall act thereon within thirty [30] days from the date of filing, but may by notifying the applicant extend the time for entering an order, not to exceed thirty [30] days. However, if such order is not entered by the commission within the time herein specified, such application shall be deemed denied. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor." Vol. 5, Oregon Code Ann. Supp. 1935, sec. 49-1836, subdiv. (c).

It is clear that in order to sustain an appeal from any order, decision or award of the commission, the

aggrieved claimant must file with the commission an application for rehearing setting forth in full detail the grounds upon which the claimant considers such order, decision or award to be unjust or unlawful; that such petition for rehearing shall include every issue to be considered by the commission, and it must also contain a general statement of the facts upon which the claimant relies.

It is also expressly prescribed that the claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon which such hearing is sought other than those specifically set forth in such application for rehearing.

■■ This discloses that an application for increased compensation, because of aggravation of injury, is different and distinct from a petition for rehearing of such a claim. A petition for rehearing serves the purpose of restating the issues and restricting them to such restatement. It has the effect of waiving any claim not contained in such petition for rehearing.

■ It might be said that the provision of the statute requiring the petition for rehearing to be filed within sixty days from the day on which a copy of the objectionable order, decision or award was mailed claimant, precludes the filing of a petition for rehearing in those cases where the commission fails to make any order upon a claim for increased compensation, and, if such a petition be held to be a prerequisite to an appeal no appeal could be taken from such failure of the commission to make any order.

■ We think, however, that the provision of the statute giving the effect of a denial of the claim by the commission to its failure to pass thereupon within the time prescribed by statute, justifies the holding that where

there is such failure by the commission, claimant may file his application for rehearing within sixty days after the expiration of the time when the statute requires the commission to act upon the application for increased compensation.

Section 49-1843, among other things, provides:

"Within thirty (30) days after a copy of the final order of the commission upon such application for rehearing has been mailed, the claimant, as herein provided, or within thirty (30) days after rehearing is deemed denied under section 49-1842, may appeal to the circuit court, * * *."

"Upon such appeal the plaintiff may raise only such issues of law or facts as were properly included in his application for rehearing." Section 49-1843, Oregon Code Ann. Supp. 1935 Vol. 5, pp. 1322-1323.

We find no other statutory provision fixing the time within which an appeal may be taken from the acts of said commission.

■ No petition for a rehearing having been filed in the case at bar, the circuit court was without jurisdiction; and this court is also without jurisdiction, except to declare that fact and reverse the judgment of the circuit court for that reason.

The judgment of the circuit court is reversed and the cause remanded for such further proceedings as may not be inconsistent herewith.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.

---

Petition for rehearing denied January 30, 1940

ON PETITION FOR REHEARING

(98 P. (2d) 955)

6. KELLY, J. Two principles seem to have eluded counsel for plaintiff. The first is that an appeal is a

statutory right; and the statute, which prescribes the requisite procedure, must be followed.

■ The second principle which plaintiff's counsel overlooks is that a petition for rehearing is an essential prerequisite in an appeal from an order of the State Industrial Accident Commission.

Plaintiff's printed petition for rehearing, which we are now considering, gives a complete answer of 24 pages to his question as to what a petition for rehearing before the commission might have contained.. The printed petition for rehearing is an elaborated repetition of his brief as respondent herein. His application for rehearing before the commission upon his application for additional compensation because of aggravation should have followed the form, the nature, the function, and the commendable completeness of his petition for rehearing before this court.

8. Until plaintiff's application was filed for additional compensation because of aggravation, the matter of aggravation of plaintiff's malady was not presented to the commission. Until then there was no opportunity for a hearing thereon. When, for the first time, such an opportunity was afforded the commission, certainly a rehearing of the claim for additional compensation was not contemplated; but merely an original hearing thereon. A rehearing thereon could occur only after the petition for a hearing thereof was disposed of, either by an order of the commission or by virtue of the statutory provision declaring that such a petition shall be deemed to be denied if not acted upon within 30 days.

Plaintiff's petition for rehearing is denied.

RAND, C. J., and BEAN and ROSSMAN, JJ., concur.