Argued December 12, 1939; affirmed January 16, 1940

# HUTCHINS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

## (97 P. (2d) 944)

In Banc.

*H. Lawrence Lister*, Assistant Attorney General (I. H. Van Winkle, Attorney General, and Oliver Crowther and C. S. Emmons, Assistant Attorneys General, on the brief), for appellant.

*T. Walter Gillard*, of Portland (Wm. P. Lord, of Portland, on the brief), for respondent.

BEAN, J. This is an appeal by the defendant, State Industrial Accident Commission, from the judgment of the circuit court based upon the verdict of a jury awarding the claimant, Marion Hutchins, compensation in accordance with the terms of said verdict, as follows:

Interrogatory No. 1. What is plaintiff's permanent partial disability by reason of his accident of June 3, 1935, as compared to the lost function of a leg severed at or above the knee?

"(Answer in per cent.)  Answer: 90 per cent."

On the 28th day of February, 1938, the commission, having had under consideration the proceedings and testimony in plaintiff's claim, made and entered an order whereby it ordered that the final order of December 23, 1937, be affirmed, and denied said petition for rehearing. The order of December 23, 1937, was as follows:

"It is hereby ordered that compensation for temporary total disability be terminated as of December 16, 1937, and that said claimant be made an award for permanent partial disability of 48 degrees, covering all conditions, and that this shall constitute full and final settlement of any and all claims or disability arising out of an injury suffered by said workman on June 3, 1935."

The record shows that Marion Hutchins was injured on June 3, 1935, while employed by the City of Sheridan, in Yamhill county, Oregon, and that he and his employer were working under the Workmen's Compensation Act and entitled to the benefits thereof. The accident report was filed on June 12, 1935. It shows that a scaffold had broken with Mr. Hutchins and that he bruised and contused his legs, arms and abdomen, and received a right inguinal hernia, which has since been cured. His claim was allowed and compensation was paid for temporary total disability from the date of the accident for a period of three months, seven and one-half days, and the claim was closed by a first final order dated August 26, 1935. Thereafter, and on September 5, 1935, a petition for rehearing was filed

and by order dated September 30, 1935, the claim was reopened for a continuation of temporary total disability until further order of the commission. Hutchins was thereafter carried on temporary total disability until December 16, 1937, and on December 23, 1937, the commission made an order terminating plaintiff's temporary total disability as of December 16, 1937, as shown above.

Plaintiff filed an application for rehearing on February 7, 1938. The commission granted the rehearing and made the following order, which was undoubtedly a final order:

"That the claim of Marion Hutchins, for compensation on account of accidental injury sustained June 3, 1935, was closed by final order dated December 23, 1937, that thereafter and within the period of sixty days said claimant applied for and was granted a rehearing; that said rehearing was held on February 21, 1938, and the commission now being fully advised in the premises, it is hereby ordered that said final order be and the same is hereby affirmed.

"Dated at Salem, Oregon, February 28, 1938."

It is stated by defendant that there is only one point involved in this case, namely, did the plaintiff have a right to appeal from the order dated February 28, 1938?

Section 49-1842, Oregon Code 1930, provides in part as follows:

"The commission shall have full power and authority to hear and determine all questions within its jurisdiction. Whenever the commission has made any order, decision or award pertaining to any claim, it shall promptly serve the claimant with a copy thereof by mail, which shall be addressed to the claimant's last known address as shown by the records of the commission. Any claimant aggrieved by any such order,

decision or award must, before he appeals to the courts, file with the commission an application for rehearing, which application must be filed within sixty days from the day on which such copy of such order, decision or award was mailed claimant.   *   *   *.''

It is not questioned but that the plaintiff complied with this section. It is the contention of the defendant, however, that the plaintiff should have appealed from the order of December 23, 1937, instead of filing a petition for rehearing. The defendant designates this petition as the second petition for rehearing. In numerical order it may be the second petition, but it is not the second petition for rehearing of the same order. While the order of February 28, 1938, by affirming or adopting the order of December 23, is similar in form, it covered and applied to a different situation. The condition of claimant from December 23, 1937, to February 7, 1938, was involved and was covered by the order of February 28, 1938. The order of February 28, 1938, was a different order or award from the order of December 23, 1937. The petition for rehearing filed by the claimant February 7, 1938, was recognized and considered by the commission. As stated in the complaint, on the 21st day of February, 1938, defendant having fixed said time for the taking of testimony on said rehearing, plaintiff appeared in person and by his attorney and offered testimony tending to sustain the averments of his petition for rehearing. Thereafter, on February 28, 1938, the defendant having considered the proceedings and testimony in plaintiff's claim, made the order affirming the order of December 23, 1937, which last mentioned order did not take into consideration, and the commission did not at that time have before it, the

testimony produced and the proceedings held on the 21st day of February, 1938.

The statute provides in such cases that "If a rehearing is granted the commission shall consider all facts, including those arising since making the order, decision or award involved, and shall enter such order as the facts and law shall warrant." Section 49-1842, Oregon Code 1930. In the present case the plaintiff, within 30 days after copy of the final order of the commission had been mailed to him, appealed to the circuit court in the county in which the accident occurred, in compliance with section 49-1843, Oregon Code Supplement, 1935.

It is contended by defendant that in accordance with the opinion in the case of *Hilger v. State Industrial Accident Commission,* 158 Or. 591, 76 P. (2d) 972, the plaintiff should have appealed from the order of December 23, 1937. We do not think that the opinion in the Hilger case authorizes the plaintiff to appeal from the original order of December 23 awarding permanent partial disability of 48 degrees without making an application for rehearing.

■ The purpose of an application for rehearing is to give the commission a chance to change its order and it never had an opportunity to change the order fixing the 48 degrees until a petition for rehearing of that order had been filed. We do not understand that the opinion in the Hilger case authorizes such an appeal. That would not be in harmony with the statute which provides that "Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing" within the time provided. As we

construe the opinion in the Hilger case, that case differs from the one in hand.

We quote from the oral argument of the learned attorney for defendant in the present case, in answer to a question by the Chief Justice, as follows: "These two orders in February, 1938, and December, 1937, were they identical in terms?"

"A. No, except that the one in February merely affirms the one in December. In that sense,—they are not identical, but one affirms the other, and in the meantime a petition had been filed and a hearing held."

In the Hilger case, as the opinion shows, on January 29, 1935, plaintiff filed with the defendant commission an application for a rehearing of the order of December 28, 1934, in which application he claimed he was entitled to temporary total disability for a period of 10 months, from and after December 28, 1934, and to permanent partial disability equal to the loss of vision of one eye based on the injury to both eyes. The commission on March 22 made an order reopening the plaintiff's claim for temporary total disability and further treatment, and, in accordance with said order, plaintiff was paid compensation for temporary total disability from the 27th of March, 1935, until the 13th of April, 1935, which was held not to be a final order, and on the 18th day of April, 1935, the defendant made a final order again closing plaintiff's claim with an award for additional compensation for the loss of vision of the right eye equal to 15 per cent loss of said eye, which, as we understand, is and was regarded as a practical denial of the application for rehearing made January 29, 1935, and from which order an appeal to the court was allowed.

■ There is a different setup in the present case from that in the Hilger case. Here for the first time, on December 23, 1937, the commission terminated the order for compensation for temporary total disability as of December 16, 1937, and made an award for permanent partial disability of 48 degrees, covering all conditions. Under the plain provisions of section 49-1842, before plaintiff could appeal to the court from the order of December 23, 1937, he was required to file an application for rehearing, which had never been done before the application upon which the defendant granted and held a rehearing, after which the commission, by order of February 28, 1938, adhered to and affirmed the order of December 23, 1937. The order of February 28, 1938, was a final order closing the case.

■■ The commission denominated the application for rehearing as a second application and complains that it opens the door for extending the proceedings to an undue length. There can be no application for rehearing unless there is an order of the commission to be reheard. In other words, the commission controls that matter. The proceedings in this case were not unduly extended and were ended by the order of February 28, 1938. The statute does not limit a claimant to one application for rehearing of an order or award, when the order or award is different from that in which a former application for rehearing has been filed.

■■ It has been stipulated that the amount to be allowed plaintiff's attorneys for their services upon this appeal should be fixed by the court. In the circuit court, pursuant to contract by plaintiff and his attorneys, a fee in the sum of 25 per cent of any award or compensation for permanent partial disability in

excess of 48 degrees was allowed. It seems that this contract was reasonable and should not be disturbed. It is therefore approved. The amount awarded by the verdict and judgment in the circuit court was increased in the sum of $780. We think 10 per cent of this sum, or $78, would be a fair compensation for the services of the attorneys upon the appeal in the supreme court, and the same, together with the amount allowed for attorneys' fees in the circuit court, is hereby declared to be a lien against the compensation payable to plaintiff pursuant to the judgment, and defendant is hereby authorized to pay the same, together with the judgment, in accordance with the schedule of compensation provided by statute.

Plaintiff having strictly complied with the terms of the statute referred to, entitling him to appeal, his appeal should be allowed and a judgment should be entered in accordance with the verdict of the jury on appeal in the circuit court.

It is so ordered.

KELLY, ROSSMAN and BELT, JJ., concur.

RAND, C. J., concurs in the result

LUSK, J. (dissenting). This case, in my opinion, is governed by the decision in *Hilger v. State Industrial Accident Commission*, 158 Or. 591, 76 P. (2d) 972; and I am, therefore, compelled to record my dissent from the opinion of the court.

In the Hilger case the plaintiff was compensated for temporary total disability for a period of time following his injury; at the end of that period the commission entered an order terminating such compensation and granting an award for permanent partial disability;

the plaintiff thereupon filed a petition for a rehearing, claiming compensation for further temporary total disability and a more serious permanent partial disability than the commission had found; the commission then made an order reopening the case and paid the plaintiff compensation for temporary total disability pending its decision on the application, and finally closed the case by an order increasing its first final award, though not to the extent sought by the plaintiff. It was from this order that Hilger appealed to the circuit court. The commission contended that this was not an appealable order under the statute; that the plaintiff should either have appealed from the order reopening the case or should have filed a second petition for rehearing. This court, in an opinion by Mr. Justice BAILEY, rejected the commission's contentions and held: that the order reopening the case amounted merely to the granting of a rehearing to decide the issues raised by the application; that no additional petition for rehearing was required; and that the order appealed from was the final order upon the plaintiff's application for rehearing, and hence the order from which an appeal may be taken to the circuit court, under § 49-1843, Oregon Code 1930, as amended by chapter 455, Oregon Laws 1933. A further amendment of that section (chapter 178, Oregon Laws 1935) is without bearing on the present question.

In the case at bar the commission made its final award of compensation for temporary total disability on August 26, 1935, "in full settlement for any and all claims arising out of the injury sustained"; the plaintiff on September 5 applied for a rehearing, claiming that he had sustained an injury to his left foot resulting in permanent partial disability, and an injury

to the spine; that his condition was not yet stationary, and that when it should have become stationary, he would have sustained 25 per cent lost function permanent partial disability. The petition concluded:

"WHEREFORE claimant prays that he be awarded a rehearing and that on said rehearing he be permitted to offer testimony showing that claimant's condition has not become stationary and will not become stationary for a period of six months, and that he be awarded compensation for permanent partial disability equal to lost function of an arm, as averred, and also 25 per cent lost function of a foot."

On September 30, 1935, the commission made an order reopening the claim, or granting a rehearing, as follows:

"That the claim of Marion Hutchins was closed by final order dated August 26, 1935; that thereafter said claimant applied for and was granted a rehearing. The Commission now being fully advised in the premises,

"IT IS HEREBY ORDERED that the claim be and the same is hereby reopened from date closed for continuation of temporary total disability until the further order of the Commission.

"IT IS FURTHER ORDERED that Attorney Wm. P. Lord be and is hereby allowed an attorney's fee of $25.00 for legal services rendered said claimant."

The record shows no further proceedings until December 23, 1937, when the following order was entered:

"THAT The claim of Marion Hutchins was closed by final order dated August 26, 1935;

"THAT Thereafter and within sixty days from the date of said final order, said claimant filed a petition for rehearing, which rehearing was held on September 26, 1935, following which the Commission by order dated September 30, 1935, reinstated said claim for

the payment of further compensation for temporary total disability.

"The Commission now being fully advised in the premises, and it appearing that said claimant's condition is stationary,

"IT IS HEREBY ORDERED THAT Compensation for temporary total disability be terminated as of December 16 incl., 1937, and that said claimant be made an award for permanent partial disability of 48 degrees, covering all conditions, and that this shall constitute full and final settlement of any and all claims or disability arising out of an injury suffered by said workman on June 3, 1935."

So far, the procedural steps taken in the two cases are identical. The only differences are with regard to the nature and degree of disabilities and length of time elapsing between the orders—differences which are irrelevant to the point here involved. In each case there is a closing order or first final award, a petition for rehearing, a granting of a rehearing and the payment of compensation for temporary total disability pending the decision on rehearing, and a second final award unsatisfactory to the claimant. As stated, it was this award or order from which the appeal was taken in the Hilger case, and properly so, as the court decided. The plaintiff in this case, however, instead of appealing from the order on rehearing, filed a second petition for rehearing, in which he described the same injuries as in the first, and alleged that the commission had erred in its award on the rehearing and prayed for a higher award. The commission thereafter entered an order affirming its previous final order.

Since the procedure in the two cases was the same, the decision ought to be the same. It is not easy to per-

ceive why the identical arguments used by the commission against the claimant and not found valid in the Hilger case, should in this case, when used by the claimant against the commission, be deemed persuasive. While there was no second petition for rehearing in the Hilger case, the commission contended that there should have been, and this court held otherwise. As I read the opinion of the majority, the Hilger case is not overruled, but distinguished. I see no ground of distinction. The Hilger case held that the order determining the rehearing is the final order from which an appeal to the circuit court may be taken; the court now holds that the order on the rehearing of the rehearing is the final order, and inferentially, it would seem, that the claimant by repeated petitions for rehearing, may select his own appealable order. The decision is in direct conflict with the decision in the Hilger case, and will only serve to introduce confusion into a practice which, in the interest of injured workmen, ought to be simple and easy to follow.

It is perhaps unnecessary to add that the requirements of the statute governing appeals from the orders of the State Industrial Accident Commission must, under our decisions, be strictly complied with: *Demitro v. State Industrial Accident Commission,* 110 Or. 110, 112, 223 P. 238; *Butterfield v. State Industrial Accident Commission,* 111 Ore. 149, 154, 223 P. 941, 226 P. 216.

BAILEY, J., concurs in the foregoing opinion.