Argued February 13; reversed April 23, 1940

# GERBER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### (101 P. (2d) 416)

In Banc.

*C. S. Emmons* and *Oliver Crowther,* Assistant Attorneys General, *I. H. Van Winkle,* Attorney General, and *H. Lawrence Lister,* Assistant Attorney General, on the brief), for appellant.

*Collier H. Buffington,* of Gold Beach, for respondent.

BELT, J. This is a proceeding under the Workmen's Compensation Act wherein the claimant on appeal to the circuit court was awarded additional compensation to that made by the State Industrial Accident Commission. From the judgment of the circuit court, the commission appeals.

The sole question is one of procedure. The defendant commission contends that the circuit court had no

jurisdiction of the cause in that the claimant had not perfected his appeal within the time provided by statute. Of course, if the appeal was not perfected within such time, the judgment must be reversed. The issue is clear cut.

■ Some confusion and uncertainty has arisen as to the proper procedure on appeal in such cases and it will be the purpose of this opinion, without undertaking to reconcile all that this court has said on the subject, to remove such doubt. No workman sustaining an accidental injury in the course of his employment should be denied relief by failure to comply with some technical rule of procedure. On the other hand, he has no just cause for complaint if he fails to do those things which the statute requires to be done to exercise the right of appeal. It is elementary that appeal is a statutory privilege conferred upon the claimant and the procedure prescribed must be strictly followed: *White v. State Industrial Accident Commission* (on petition for rehearing), 163 Or. 476, 98 P. (2d) 955. As stated by Mr. Justice Burnett in *Demitro v. State Industrial Accident Commission*, 110 Or. 110, 223 P. 238:

"The whole scheme of the workman's compensation law is purely statutory and not according to the course of common law. It is elementary that in acquiring jurisdiction in pursuit of a statutory remedy, the requirements of the enactment must be complied with strictly."—

quoted with approval in *Jackson v. State Industrial Accident Commission*, 114 Or. 373, 235 P. 302.

Plaintiff sustained an accidental injury on January 27, 1937, and on February 12, 1937, a claim for compensation was filed with the State Industrial Accident

Commission. On February 16, 1937, the commission, finding that the claimant "had not suffered any disability on account of his accidental injury," entered a final order closing the case, but allowed "payment for medical services."

On April 16, 1937, plaintiff filed a petition for rehearing. The commission, on April 23, 1937, entered an order reopening the claim for payment of compensation for temporary total disability until further order of the commission. On December 4, 1937, a final order was made closing the claim as of July 30, 1937, terminating compensation for temporary total disability, and awarding compensation for permanent partial disability on the basis of the loss of 20 per cent function of an arm.

Plaintiff did not appeal from this final order, but filed a second petition for rehearing on December 15, 1937. On December 22, 1937, the commission granted a rehearing and set the same for January 19, 1938, but no rehearing was had, the same being postponed from "time to time."

On January 28, 1938, an order was entered extending for a period of 30 days from January 15, 1938, the time to act on the petition for rehearing. On February 15, 1938, a further order was made extending the time to act on such petition an additional 30 days.

On February 25, 1938, claimant filed a "supplementary application" for rehearing, demanding compensation for aggravation of injuries.

On March 23, 1938, a rehearing was had and, on April 11, 1938, an order was made affirming the commission's order of December 4, 1937, and denying the application for compensation for aggravation of injuries.

On May 4, 1938, claimant filed his notice of appeal and complaint in the circuit court.

When the State Industrial Accident Commission was created in 1913 and an industrial accident fund was provided for injured workmen (Ch. 112, Laws of Oregon for 1913), no provision was made for any petition for rehearing. The claimant aggrieved by the decision of the commission appealed to the circuit court. It was not until 1925 that the claimant was required, before appealing to the circuit court, to file with the commission an application for rehearing (§ 7, Ch. 133, Laws of Oregon for 1925).

The legislative enactment of 1925 is codified as § 49-1842, Oregon Code 1930, and so far as is material herein provides as follows:

"* * * Any claimant aggrieved by any such order, decision or award must, before he appeals to the courts, file with the commission an application for rehearing, which application *must be filed within sixty days from the day on which such copy of such order, decision or award was mailed claimant.*

\*        \*        \*        \*        \*

"If the commission, in its opinion, has previously fully considered all matters raised by such application it may deny the same and confirm its previous decision or award or if the evidence on file with the commission sustains applicant's contention it may allow the relief asked in such application; otherwise it shall order a rehearing to decide the issues raised. If a rehearing is granted the commission shall consider all facts, including those arising since making the order, decision or award involved, and shall enter such order as the facts and law shall warrant.

"An application for rehearing shall be deemed to have been denied by the commission unless it shall have been acted upon within thirty days from the date of filing; provided, however, that the commission may,

in its discretion, extend the time within which it may act upon such application, not exceeding thirty days." (Italics ours.)

It will be observed that the above section pertains to the time the application for rehearing must be filed and the time within which such application must be determined by the commission.

Subsection (c) of § 49-1836, Oregon Code 1930, as amended by Ch. 384, Laws of Oregon for 1933; Ch. 139, Laws of Oregon for 1935; and Ch. 436, Laws of Oregon for 1937, pertaining to aggravation of disability and the continuing jurisdiction of the commission, provides:

"If subsequent to the last award or arrangement of compensation by the commission there has been an aggravation of the disability resulting from an accidental injury, the injured workman may file with the commission an application for increased compensation, which application shall set forth sufficient facts to show an aggravation in such disability and the degree thereof. *An application for increased compensation for aggravation must be filed within one year from the date of the first final award of compensation to the claimant.* If an application for increased compensation on account of aggravation is filed with the commission, the commission shall act thereon within 30 days from the date of filing, but may by notifying the applicant extend the time for entering an order, not to exceed 30 days. However, if such order is not entered by the commission within the time herein specified, such application shall be deemed denied. No increase or rearrangement in compensation shall be operative for any period prior to the application therefor.

"(d) The power and jurisdiction of the commission shall be continuing, and it may, upon its own motion, from time to time, modify, change or terminate its former findings, orders or awards if in its opinion such action is justified. There shall be no right of

appeal from any order or award made by the commission on its own motion. An appeal may be taken from any order of the commission which diminishes or terminates a former award if such former award was not entered by the commission on its own motion." (Italics ours.)

Relative to the time appeal must be perfected in the circuit court, § 49-1843, Oregon Code 1930, provides:

"Within thirty days after a copy of the final order of the commission upon such application for rehearing has been mailed claimant, as herein provided, or within thirty days after rehearing is deemed denied under section 49-1842, claimant may appeal to the circuit court."

Various amendments have been made to this section but none have changed the provision above quoted.

■ Plaintiff, on April 16, 1937—within the statutory period of sixty days from date of mailing by the commission of copy of final order made on February 16, 1937—filed his application for rehearing. This application was acted upon by a final order of the commission on December 4, 1937. From this final award, it was incumbent upon the claimant to appeal to the circuit court within thirty days from the date of the mailing of the copy of such order. Instead of appealing, plaintiff filed a second petition for rehearing on December 15, 1937. The commission had heard and determined the claimant's petition for rehearing on first final award. The statute makes no provision for a second petition for rehearing on the same order. If a second petition can thus be filed, why not a third, fourth, or fifth? The procedure contemplated by the legislature required the claimant to appeal from the final award of December 4, 1937. Such is the clear

holding of this court in *Hilger v. State Industrial Accident Commission*, 158 Or. 591, 76 P. (2d) 972.

■■ The application based upon aggravation of disability—which, according to *Graves v. State Industrial Accident Commission*, 112 Or. 143, 223 P. 248, and *Benson v. State Industrial Accident Commission*, 108 Or. 565, 215 P. 878, was a distinct claim for additional compensation—was filed on February 25, 1938. It is argued by counsel for the commission that such application cannot be considered because it was not filed within one year "after the first final order" made by the commission on February 16, 1937. Subsection (c) of § 49-1836, Oregon Code 1930, as amended, provides, however, that the application must be filed within one year "from the date of the first final *award of compensation* to the claimant." (Italics ours.) The final order of February 16, 1937, closed the claim and did not award compensation. Allowing payment of medical services is not an award of compensation within the meaning of the statute. The first *final* award of compensation was made on December 4, 1937. Hence, the application for additional compensation was within the statutory time. The claimant, however, filed no petition for rehearing from the order denying such application. Therefore, there can be no appeal therefrom: *White v. State Industrial Accident Commission*, 163 Or. 476, 96 P. (2d) 772, 98 P. (2d) 955.

In *Hilger v. State Industrial Accident Commission*, supra, the claimant was injured on August 28, 1934, and application was made to the commission for compensation. On December 28, 1934, a final order was made determining the claimant's status and fixing the amount of compensation awarded to him. Timely application for rehearing was filed on January 29,

1935. On March 22, 1935, the commission reopened the claim for temporary total disability. On April 18, 1935, the commission made its final award and closed the claim. In the lower court it was held that the claimant, not having filed any application for rehearing after the order of April 18, 1935, could not appeal and judgment was entered on the pleadings in favor of the defendant commission. On appeal to this court it was held that such application for rehearing was not required and that the claimant properly appealed from the final order of April 18, 1935.

In the later case of *Hutchins v. State Industrial Accident Commission*, 163 Or. 419, 97 P. (2d) 944, decided January 16, 1940, the claimant was injured on June 3, 1935. The claim was closed by first final order of the commission on August 26, 1935. An application for rehearing was filed on September 5, 1935. On September 30, 1935, the claim was reopened for a continuation of payment for temporary total disability until further order of the commission. On December 23, 1937, a final order closing the claim as of December 16, 1937, was entered. On February 7, 1938, a second application for rehearing was filed. The commission granted a rehearing on February 21, 1938, and, on February 28, 1938, made an order affirming its order of December 23, 1937. The precise question on appeal was whether claimant should have appealed from order dated December 23, 1937, or from order of February 28, 1938. The court, with Justices Lusk and Bailey dissenting, held that the claimant had the right to appeal from the order dated February 28, 1938.

We are unable to reconcile the holdings of the court in these two cases—*Hilger v. State Industrial Accident Commission*, supra, and *Hutchins v. State Industrial*

*Accident Commission,* supra. Confusion arises where there is no sound basis for distinction. There should be no uncertainty concerning procedural questions. The injured workmen, the commission, and members of the bar are entitled to know from this court what is the proper procedure when awards of the commission are challenged. For the purpose of clarifying the position of this court, the Hutchins case, in so far as it is in conflict with this opinion, is overruled.

As before stated, plaintiff should have appealed from the final order dated December 4, 1937. Obviously, the appeal perfected on May 4, 1938, was too late and the circuit court never acquired jurisdiction.

The judgment of the lower court is reversed and the cause dismissed.

BEAN, J., not sitting.

RAND, C. J., and KELLY, J., dissent.