Argued January 7, affirmed April 14, 1965

# TURNER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

401 P. 2d 8

*Lynn Moore,* Springfield, argued the cause for appellant. On the brief were Moore & Oram, Springfield.

*Earl M. Preston,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

Before McAllister, Chief Justice, and Perry, O'Connell, Denecke and Lusk, Justices.

PERRY, J.

The plaintiff states the facts of this case as follows:

"George V. Turner is the Plaintiff in this proceeding and was severely injured by a rolling log in the course of his employment on May 2, 1961. He filed his claim with the Defendant Commission on December 29, 1962, under Claim No. 86091 and received an award of 85% loss function of an arm for unscheduled disability. His rights to aggravation expired February 15, 1964 and he filed an application for compensation on account of aggravation on January 20, 1964. That within 60 days after March 20, 1964, to-wit: On the 6th day of April, 1964, the Plaintiff served on the defendant by registered mail a copy of a complaint alleging

that the grounds for denial of his application for increased compensation was unjust, the issues to be considered, and a general statement of the facts. That the 60 day period for filing a petition for rehearing expired on May 20, 1964. That after the expiration of the 60 day period, to-wit: seven days after May 20, 1964, the Defendant Commission filed a demurrer to a complaint, the original of which had been filed in Lane County Circuit Court under Case No. 71950. That before any judicial determination was taken on said demurrer, the Plaintiff filed a motion of voluntary non-suit which was granted by the Circuit Court.

"Thereafter a Complaint and Notice of Appeal was filed in the Circuit Court of Lane County, Oregon, in the present proceeding on the 11th day of June under Case No. 72730. The Defendant filed a motion to dismiss the Plaintiff's Complaint and an order dismissing the Plaintiff's Complaint and appeal was made on July 6, 1964."

The statement is not entirely clear, for it should be noted in connection with the plaintiff's statement of facts that the complaint served on the 6th day of April, 1964, was a copy of a complaint filed by the plaintiff in the circuit court for Lane county, Oregon, for the purpose of appealing to the circuit court the defendant commission's order dated March 20, 1964, denying plaintiff's claim based on aggravation of the pre-existing injury. It should also be noted that the motion to dismiss plaintiff's complaint in the present action was a demurrer to the jurisdiction of the court.

ORS 656.284 provides:

"(1) Any claimant aggrieved by any order, decision or award under ORS 656.282, including, but not limited to, a denial of further medical or hospital care, must, before he appeals to the courts, file with the commission an application for rehearing within 60 days from the day on which the copy

of such order, decision or award was mailed to the claimant.

"(2) The application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission. The application must contain a general statement of the facts upon which the claimant relies in support thereof."

ORS 656.286, which grants an injured workman the right to appeal from a final order of the commission to the circuit court, provides:

"(1) Within 30 days after a copy of the final order of the commission upon the application for rehearing has been mailed or within 30 days after rehearing is deemed denied under ORS 656.284, the claimant may appeal to the circuit court for the county in which the accident occurred * * *."

There can be no question, from the plaintiff's statement of facts or from the record, that the plaintiff did not file with the commission an application for a rehearing on his claim for increased compensation based upon aggravation of a prior injury as contemplated by the statute.

However, the plaintiff argues that the complaint filed by him in the circuit court of Lane County on April 6, 1964, a copy of which was served on the defendant commission, should be treated as an application for a rehearing before the commission.

■ It becomes immediately apparent that the copy of the complaint will not serve this purpose. The complaint will disclose that the complainant was not asking that the commission reconsider his claim, but that his claim be passed upon by the circuit court under its processes for adjudging the merits of the claim.

■■ When the complaint was filed in the circuit

court, this act was equivalent to an allegation that the complainant had exhausted his remedy before the commission, for the statutes clearly contemplate that a circuit court shall not have jurisdiction to determine the issue presented until the remedies before the commission have been exhausted.

██ The plaintiff has failed to comply with the provisions of ORS 656.284, and having failed, the trial court was without jurisdiction to try the cause. *Gerber v. State Ind. Acc. Com.*, 164 Or 353, 101 P2d 416; *White v. State Ind. Acc. Com.*, 163 Or 476, 96 P2d 772, 98 P2d 955; *Demitro v. State Industrial Acc. Com.*, 110 Or 110, 223 P 238.

"* * * No authority need be cited for the proposition that where rights and the procedure for securing them are prescribed by statute, as in the Workmen's Compensation Law, a litigant's failure to bring himself within the statute is fatal to his claim, and in such a case the courts are powerless to aid him." *Dodd v. Ind. Acc. Com.*, 211 Or 99, 107, 310 P2d 324, 311 P2d 458, 315 P2d 138.

The judgment of the trial court is affirmed.