Argued July 8, affirmed September 9, 1966

# NEET *v.* STATE COMPENSATION DEPARTMENT

417 P. 2d 996

*William A. Babcock,* Springfield, argued the cause for appellant. On the brief were Babcock & Ackerman, Springfield.

*Earl M. Preston,* Assistant Attorney General, Eugene, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General and Wallace Carpenter, Assistant Attorney General, Salem.

Before MCALLISTER, Chief Justice, and PERRY, SLOAN, HOLMAN and HAMMOND, Justices.

HOLMAN, J.

Plaintiff brought an action at law to review an order of the State Industrial Accident Commission⓪ denying his claim for increased compensation allegedly due because of the aggravation of an injury. Defendant, State Industrial Accident Commission, filed a motion to dismiss plaintiff's action which motion was allowed. The propriety of the court's order of dis-

---

⓪ Succeeded during the pendency of this proceeding by the State Compensation Department, Oregon Laws 1965, ch 285, § 55.

missal forms the foundation for this appeal. The basis for the Commission's denial of plaintiff's claim for aggravation and the court's order of dismissal of plaintiff's complaint was that the claim was not timely filed with the Commission. This is the sole question on appeal.

The first final order of the Commission was dated December 17, 1962, and contained the endorsement "mailed 12-17-62." The application for increased compensation due to aggravation was deposited by plaintiff in the mail at Springfield, Oregon, December 17, 1964, and received by the Commission at its office in Salem on December 21, 1964. A telegram substantially summarizing the application was sent by plaintiff and received by the Commission on December 18, 1964.

ORS 656.276(2)[⊗] provided as follows:

> "An application for increased compensation for aggravation *must be filed within two years from the date of the first final award* of compensation to the claimant, or if there has been no such award, within two years of the order allowing the claim." (Emphasis ours)

The Commission had adopted the following rule of procedure which was in effect at all times material herein:

> *"Rule 2-01   General Information*
> "3. *Filing*
> > "All applications and petitions shall be in writing and shall be filed with the Commission by presentation during business hours or mailing postage prepaid to State Industrial Accident Commission, Public Service Building, Salem, Oregon. The filing date shall be the date when the document is received by the Commission at its official office."

---

[⊗] Repealed by Oregon Laws 1965, ch 285, § 95.

■ ORS 656.276(2) clearly provided that the two-year period for filing a claim for aggravation commenced on the date of the first final award. The date of the first final award was December 17, 1962. The last day for filing would therefore have been December 17, 1964. ORS 174.120; *Beardsley v. Hill,* 219 Or 440, 348 P2d 58 (1959). The rule of the Commission provided that filing was not accomplished until the application was received at the Commission's office in Salem. Plaintiff's application was not so received until December 21, 1964, or, if the telegram should be considered an application, December 18, 1964. Therefore, it was not timely filed and consequently the trial court's dismissal of plaintiff's complaint was correct.

■ ORS 656.282(2)[3] provided that when the Commission made any order pertaining to any claim, it should promptly serve the claimant with a copy thereof by mail. Plaintiff contends, therefore, that the two-year period did not commence to run until the copy was received by him. Plaintiff reasons that he had two years in which to consider filing his claim for aggravation and that he did not receive this full amount of time unless the period commenced upon his notification of the Commission's action. The answer to plaintiff's contention is that the statutes did not provide that he had two full years in which to consider the filing of his application, but rather that he had two years less the time it took to effect service by mail of the Commission's order to his last known address.

ORS 656.284(1)[4] provided that a claimant had 60 days in which to apply for a rehearing from the date a copy of the Commission's order was mailed to him.

---

[3] Repealed by Oregon Laws 1965, ch 285, § 95.

[4] Repealed by Oregon Laws 1965, ch 285, § 95.

ORS 656.286(1)⊛ provided that a claimant had 30 days from the date the Commission's order denying his application for rehearing was mailed to him in which to appeal to the circuit court. Plaintiff contends, therefore, that if it had been the intention of the legislature to shorten the two-year period in which to apply for aggravation by the time it took to receive a copy of the order by mail, ORS 656.276(2) would have contained a provision similar to the two statutes just mentioned. The answer to this contention is that the legislature did indicate that claimant had less than two full years in which to consider the filing of his application for aggravation by providing that he had two years from the date of the first final award (ORS 656.276(2)) and that he should be notified by mail of the Commission's order or decision (ORS 656.282).

Plaintiff next urges that Commission's Rule 2-01 (3) was a designation of the United States mail as its agent to receive the filing of applications and petitions and therefore plaintiff's deposit of his application in the mail at Springfield on December 17, 1964, constituted a filing. This is answered by the rule itself which stated that the filing date was the date the document was received by the Commission at its official office. It would be a strained construction to hold that the United States mail was the official office of the Commission.

The judgment of the trial court is affirmed.

⊛ Repealed by Oregon Laws 1965, ch 285, § 95.