Submitted ón appellant's brief March 22, reversed and
remanded with directions May 17, 1967

HARP, *Respondent, v.* STATE COMPENSA-
TION DEPARTMENT, *Appellant.*

427 P. 2d 981

130

Earl M. Preston, Assistant Attorney General, Eugene, and Robert Y. Thornton, Attorney General, Salem, for appellant.

No appearance for respondent.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Lusk, Justices.

LUSK, J.

This is an appeal from a judgment for the plaintiff against the State Industrial Accident Commission[①] in an action to recover compensation under the Workmen's Compensation Law.

The case arose before the enactment in 1965 of the new compensation law: ORS 656.001–656.794, and is, therefore, governed by the provisions of the former law. Statutory references hereinafter are to that law. The question is whether the circuit court had jurisdiction of the cause.

The facts are as follows: In 1963 the plaintiff was

---

[①] Succeeded during the pendency of this proceeding by the State Compensation Department: Oregon Laws 1965, ch 285, § 55.

granted an award of compensation for an industrial injury. On February 16, 1965, his case was closed. On July 14, 1965, he filed a claim for increased compensation on account of aggravation of his injury. On July 21, 1965, the State Industrial Accident Commission, acting pursuant to ORS 656.284 (6) extended the time for determination of such claim to September 12, 1965. No further action on the claim was taken by the Commission and it was, therefore, deemed denied on September 12, 1965: ORS 656.276 (3). In order to exercise the right to appeal to the circuit court plaintiff was required "before he appeals to the courts" to file an application for rehearing within 60 days from September 12, 1965, or November 12, 1965: ORS 656.284 (1).

On October 5, 1965, plaintiff filed his complaint in the circuit court, the statutory method for perfecting an appeal: ORS 656.288 (2). On October 25, 1965, defendant filed a demurrer to the complaint on the ground that the court had no jurisdiction of the cause. The demurrer was overruled on November 1 and on November 12 the defendant filed a motion to dismiss the appeal on the same ground. On the same day plaintiff sent to the defendant and the defendant received at its office in Eugene a telegram which plaintiff claims constitutes an application for rehearing of his claim for aggravation.

On December 3, 1965, the court, on plaintiff's motion for an order continuing the case for a period of 60 days from September 12, 1965, within which plaintiff might file supplemental pleadings, entered an order allowing such motion and on January 18, 1966, plaintiff filed an amended and supplemental complaint in which it was alleged that on November 12, 1965, "Plaintiff filed his Petition for Rehearing and that

sixty days have expired without action by the Defendant thereby reaffirming such order of February 16, 1965."

On the trial the defendant again raised the question of jurisdiction and again the objection was overruled. The various adverse rulings have been assigned as error.

One of the defendant's contentions is that under the Commission's regulations[®] a telegram cannot serve as an application for a rehearing. That question was suggested in *Neet v. Compensation Department,* 244 Or 331, 417 P2d 996, but not answered, and we find it unnecessary to answer it here because, for another reason, the circuit court was without jurisdiction of this cause.

ORS 656.284 (1) provided that a claimant aggrieved by an order *"must,* before he appeals to the courts, file with the commission an application for rehearing within 60 days from the day on which the copy of such order, decision or award was mailed to the claimant," (italics added); and ORS 656.286 (1) provided: "Within 30 days after a copy of the final order of the commission upon the application for rehearing has been mailed or within 30 days after rehearing is deemed denied under ORS 656.284, the claimant may appeal to the circuit court * * *." The manner of appealing is "by filing with the clerk of the court a complaint, as provided in civil actions at law, and by serving a

---

[®] "Rule 2-01 General Information
　　　　　* 　* 　* 　* 　*
"3. Filing
"All applications and petitions shall be in writing and shall be filed with the Commission by presentation during business hours or mailing postage prepaid to State Industrial Accident Commission, Public Service Building, Salem, Oregon. The filing date shall be the date when the document is received by the Commission at its official office."

copy thereof by registered mail on the commission":
ORS 656.288 (2).

■ Ignoring the command of the statute, the plaintiff, without having filed an application for rehearing, filed his complaint in the circuit court. Clearly the court was without jurisdiction: *Turner v. SIAC,* 240 Or 247, 401 P2d 8; *Simmons v. SIAC,* 168 Or 256, 122 P2d 793; *White v. SIAC,* 163 Or 476, 96 P2d 772, 98 P2d 955. And see *Dodd v. SIAC,* 211 Or 99, 107, 310 P2d 324, 311 P2d 458, 315 P2d 138; *Rohde v. SIAC,* 108 Or 426, 441, 217 P 627. The court should have dismissed the appeal. Had it done so, and on the assumption that the telegram sufficed as an application for rehearing, the plaintiff could have filed an appeal after the Commission had acted on his application for rehearing or after its denial by the passage of time.

■■ Since the court was without jurisdiction, its order extending time for the plaintiff to file an amended and supplemental complaint was void and that pleading, as well as the initial complaint, was a nullity for any purpose. The plaintiff was simply not in court and there was nothing to be amended or supplemented. He has never taken an appeal after denial of an application for rehearing of the claim for aggravation. Even though the amended and supplemental complaint could be regarded as the appeal paper (as obviously it was intended to be), the court would still have been without jurisdiction because a copy of that purported pleading was not served on the commission by registered mail as the statute requires, but was served by ordinary mail on the attorney for the Commission: *Demitro v. SIAC,* 110 Or 110, 223 P 238, holding that the prescribed method of service is a jurisdictional requirement.

It is contended, however, in dissent that this is not

a jurisdictional matter at all. Two of our decisions are cited: *Parmele v. Mathews,* 233 Or 616, 379 P2d 869; *Fay v. McConnell et al,* 229 Or 128, 366 P2d 327. *Parmele v. Mathews,* so far as it may be said to be in point, is concededly against the dissenting opinion's position. *Fay v. McConnell* holds that the failure of a creditor of a deceased person to wait until his claim has been rejected by an executor before commencing an action is not a jurisdictional defect. The rule applicable to such cases is thus stated in *Fiore v. Ladd,* 29 Or 528, 531, 46 P 144: "The objection that an action is prematurely brought is mere matter of abatement, and should be taken by demurrer if it so appears upon the face of the complaint, otherwise by answer before pleading to the merits, or it is waived: (citing authorities)."

The difference between *Fay v. McConnell* and the instant case is that in the former a mere matter of prematurity of action was involved, while here we are dealing with a "statutory privilege conferred upon the claimant": *Gerber v. SIAC,* 164 Or 353, 355, 101 P2d 416. As this court said in *Demitro v. SIAC,* supra, 110 Or at 112: "The whole scheme of the workman's compensation law is purely statutory and not according to the course of common law. It is elementary that *in acquiring jurisdiction* in pursuit of the statutory remedy, the requirements of the enactment must be complied with strictly." (Italics added.) Because in that case the requirements were not complied with strictly it was held that "the Circuit Court had no jurisdiction of the matter." The language we have quoted from the *Demitro* case was quoted with approval in *Jackson v. SIAC,* 114 Or 373, 377, 235 P 302, and *Gerber v. SIAC,* supra, and the principle embodied in that language has never been questioned by this court or,

so far as we are advised, by any other. It was in accordance with this principle that we held in the cases of Turner, Simmons, and White against the State Industrial Accident Commission, all supra, that the circuit court was without jurisdiction (that is, without power to hear the case or do anything about it except dismiss it) of an appeal attempted before a petition for rehearing had been filed and denied.

The judgment is reversed and the cause remanded with directions to sustain the motion to dismiss the appeal.

DENECKE, J., dissenting.

On January 18, 1966, plaintiff filed a document entitled "Amended and Supplemental Complaint" alleging that a petition for rehearing had been filed with the Commission and more than 60 days had elapsed thereafter without action. The majority holds that such pleading was a nullity because the pleading it attempted to amend and supplement was a nullity. The initial pleading was a nullity because the circuit court had no "jurisdiction" at the time it was filed because plaintiff had not yet filed a petition for rehearing.

If plaintiff, instead of filing a document entitled "Amended and Supplemental Complaint," had paid a new filing fee, been assigned a new file number and entitled the document "Complaint," such procedure would not have been a nullity and would have "kept plaintiff in court."

In my opinion the necessity for orderly procedure does not require the drastic remedy of dismissal in this cause because what I consider mere clerical distinctions were not observed. The petition for rehearing

was timely filed and the pleading alleging the filing of the petition for rehearing was timely filed.

This court has previously been divided upon the question of whether a failure to comply with statutory requirements results in a failure of "jurisdiction" and as to the consequences thereof. For example, *Parmele v. Mathews,* 233 Or 616, 379 P2d 869 (1963).

The same issue appears to have been raised in *Fay v. McConnell,* 229 Or 128, 366 P2d 327 (1961), but not in the nomenclature of "jurisdiction." That was a suit on a note against an estate represented by an executor. The executor's sole contention on appeal was that a suit cannot be maintained against an executor upon a claim against an estate unless the claim has been presented to the executor and rejected by him or held for at least 60 days without any action. ORS 116.520, 121.090.

ORS 121.090 states: "An action against an executor or administrator shall not be commenced until the claim of the plaintiff has been duly presented to the executor or administrator, and by him rejected."

The language of this statute seems no more or no less mandatory than that of the statute in the present case, i.e., the claimant "must, before he appeals to the courts, file with the commission an application for rehearing * * *." ORS 656.284(1).

Nevertheless, although the plaintiff in *Fay v. McConnell,* supra, never did file a claim with the executor and never did allege that he filed a claim with the executor, plaintiff's judgment against the executor was affirmed. This court held: "* * * [A] defense predicated upon a premature filing of a cause must be raised by a plea in abatement or demurrer, and, if not so raised, the defense is waived." 229 Or at 130.

The word "jurisdiction" was not used. However, a failure to comply with the mandate of the statute, i.e., failure to file a claim with the executor, must not have been considered "jurisdictional" as we have consistently held that a lack of "jurisdiction" cannot be waived.

If failure to observe a statutory mandate can be waived by a pleading lapse, as was held in *Fay v. McConnell,* supra, it seems overly harsh to cut off a claim under a statute which we are to interpret liberally in favor of the workman although he made a timely compliance with the statutory mandate but alleged the same in what the majority deems to be a clerically incorrect manner.

I realize that the cases cited in the majority opinion state the circuit court has no "jurisdiction" to entertain an appeal from the Commission unless a petition for rehearing has been filed. It does not appear in those cases that any consequence attached to the labeling of the court's lack of power as a lack of "jurisdiction." The court could just as well have stated that the statute required the filing of a petition for rehearing as a prerequisite to appeal; this was not done, the Commission timely raised the objection, therefore, the action could not be maintained.

Even if the failure results in a lack of "jurisdiction" in its broadest sense, I cannot conceive of any cause to be served by holding that pleadings filed in a cause in which the court has no "jurisdiction" must be ignored and pleadings alleging compliance with the statutory requirements are completely ineffective because they state they amend or supplement prior pleadings.

SLOAN and O'CONNELL, JJ., join in this dissent.