Argued March 20, reversed May 22, 1923.

# McDERMOTT v. STATE INDUSTRIAL ACCIDENT COMMISSION.

## (215 Pac. 591.)

**Master and Servant—Proof of Service of Notice of Appeal in Compensation Case Held Sufficient.**

1. Under Section 6637, Or. L., proof of the filing of notice of appeal to the Circuit Court from a decision of the Industrial Accident Commission with the clerk of such court, and service of a copy thereof on the Commission by registered mail is sufficient, and proof of mailing need not be filed with or indorsed on the original notice.

**Master and Servant—Notice of Appeal in Compensation Case Need not Show County of Residence.**

2. Notice of appeal from a decision of the Industrial Accident Commission need not show what county claimant was a resident of, neither the Commission nor the court having the power to add to the requirements of the Workmen's Compensation Act with respect to such notice.

**Master and Servant—Reviewing Court cannot Try Cause for Compensation not Presented to Commission.**

3. While appeals from the Industrial Accident Commission are heard *de novo* by the Circuit Court, the latter is not a court of original jurisdiction over claims arising under the Workmen's Compensaton Law, but exercises appellate jurisdiction alone, and hence cannot try another or additional cause for compensation than that presented to the Commission.

**Master and Servant—Award of Compensation Held to Conform to Claim.**

4. Where the Industrial Accident Commission, in a case based on a claim for compensation for hernia alone, awarded the full sum provided therefor by Section 6626, subd. (d), Or. L., as amended by Laws of 1921, Chapter 311, page 575, it did not err in awarding nothing for other injuries and classifying claimant's condition as temporary total disability under such subdivision, instead of permanent partial disability under subdivision (f).

From Multnomah: George Rossman, Judge.

Department 2.

On January 13, 1922, William McDermott filed with the State Industrial Accident Commission a claim for compensation in which he described the nature and extent of his injuries as "right hand hernia." This

claim was supplemental to one filed by him on December 6, 1921, in which he stated the facts in connection with his bodily hurt to the effect that—

"Two other men and I were carrying a 34 or 36-foot tie, trying to keep my balance on a wet pavement,"

and that the nature of his injury was a "double femoral hernia."

On December 5, 1921, Dr. J. J. Mahoney, attending physician, filed a report describing the injury as "incomplete femoral hernia, right side, muscular ligaments of front part, lower abdomen region and ligaments over femoral vessels swollen." The treatment used was anodyne application, and complete rest to the affected part. The doctor testified, as a witness in the Circuit Court:

"When I reported the accident to the State Compensation they notified me—I explained the circumstances of the hernia, that is, the preliminary report, so they sent me the notice that they usually send in cases of that nature, presumably for my own protection, that unless a radical operation was performed that I would not be paid."

An operation was performed.

An award was made by the Commission in favor of plaintiff on January 26, 1922, when it made and entered it Findings and Final Action, as follows:

"State of Oregon
"State Industrial Accident Commission.
"Salem, Oregon, Jan. 26, 1922. No. A14511.
"Pay to the order of Wm. McDermott $100.19 One Hundred & 19/100 Dollars.
"Copy.
"Payee will please detach above check and keep this statement.

"Findings and Final Action.

"The Commission having passed upon Claim No. 120495, found that the same was in due and proper form, and filed within the time provided by law; that the said employee was at the time of the injury subject to the Oregon Workmen's Compensation Law; that he sustained a personal injury by accident arising out of and in the course of his employment; that said employee was disabled for —— months and 42 days, and is entitled to payment at the rate of $62.02 per month, or a total of $100.19.

"The Commission now finds that said employee has been paid $—— and is now entitled to receive the further payment of $—— in full settlement for any and all claims arising out of such injury as above listed on the records of the State Industrial Accident Commission.

"Dated at Salem, Oregon, Jan. 26, 1922.

"Name and          State Industrial Accident Commission
address of
Claimant:

Wm. McDermott,      J. W. Ferguson
Bellevue Hotel,     Will T. Kirk
248 Yamhill St.,    Wm. A. Marshall
Portland, Oregon.            Commissioners.

"State of Oregon, County of Marion,—ss.

"I hereby certify that the foregoing are the Findings and Final Action of the State Industrial Accident Commission of Oregon in the above entitled case, and that I have mailed to the claimant at the above address this date a true and correct copy of the same, with Check No. 14511 attached thereto.

"Dated Jan. 26, 1922.

"State Industrial Accident Commission.

"By ————————,

"Claim Agent.

"Sec. 6637, Oregon Laws, as amended, provides that an appeal may be taken from final action of the Commission in any claim within sixty days thereafter."

A letter bearing date February 2, 1922, was received by the Commission from L. B. Sandblast, reading, in part, as follows:

"On behalf of Mr. McDermott I would respectfully suggest that you arrange for an examination of the Claimant in view of the fact that the abdominal wall is permanently weakened very much and should be compensated as one whose disability is temporary in character and comes under the classification intended to be covered by Section 6626, Subdivision (4)—Rate for Temporary Partial Disability.'"

The Commission replied:

"We wish to advise that this man has received payment for 42 days' time lost which * * * he is entitled to according to * * * the Compensation Law * * * Section 6626."

Thereupon, a notice of appeal was filed, which reads:

(Omitting title.)

"You will please be advised and do hereby take notice that William McDermott, claimant under your claim No. 120495, does appeal from the Findings and Final Action of the Commission in disposing of his claim for compensation for injury sustained while employed on the Madison Street Bridge, Portland, Oregon, November 17, 1921, said Final Action report, as received by claimant, bearing date January 26, 1922, to the Circuit Court of Multnomah County, Oregon.

"L. B. Sandblast,
"Attorney for Appellant."

After the service of the notice of appeal, an affidavit was filed by the claimant on the fourth day of March, 1922, relating to the letter hereinbefore referred to, written to the Commission by Attorney Sandblast. The concluding words of the affidavit are as follows:

107 Or.—34

"That this affidavit is made for the purpose of in some manner raising this question in the nature of a demurrer, whereby a ruling may be had by the Circuit Court, Multnomah County, prior to trial of the facts, and for the purpose of saving expenses of such trial in the event the court should sustain the position of the respondent."

The case was heard in the Circuit Court by the production of evidence on the part of both the claimant and the State Industrial Accident Commission involving bodily injuries not referred to in the claimant's application upon which the Commission had acted. The court made findings of fact, in part, as follows:

"That on or about the 17th day of November, 1921, the plaintiff claimant was in the employ of the United States Construction Company and then engaged in repairing a bridge across the Willamette River in Portland, Multnomah County, Oregon, which work was and constituted a hazardous employment; that both plaintiff claimant and said United States Construction Company had accepted the provisions of, were operating and working under * * the privileges and benefits of the Workmen's Compensation Law * * ;

"That * * claimant was, on the 17th day of November, 1921, and is now * * a resident of Multnomah County, Oregon;

"That on said 17th day of November, 1921, * * claimant was employed * * in handling and placing heavy timbers, steel and iron, in connection with said repairs on said bridge, and while so employed * * sustained a personal injury by accident arising out of and in the course of his employment, which resulted in his permanent, partial disability * * ;

"That the injuries so sustained * * are a very vicious, aggravated and incurable femoral hernia on the right side, and complications consisting of leakage of the heart, abscess, and enlargement of, and breaking down of the tissue of, glands in *permeal* [*sic*] region; * *

"That on * * the 26th day of January, 1922, the * * Commission awarded * * claimant compensation for a temporary total disability of 42 days' time lost, in the sum of $100.19 * * ;

"That on or about the 4th of March, 1922, * * claimant duly filed with the clerk of the Circuit Court of the state of Oregon for Multnomah County notice to the effect that he appealed to the Circuit Court of the state of Oregon for Multnomah County, from the said decision and the award of said Commission, which was duly signed by the plaintiff claimant's then attorney, a copy thereof duly served upon the said Commission by registered mail."

Among the conclusions of law, the court found that claimant "is entitled to an order, decree and judgment of this court ordering and directing said defendant, State Industrial Accident Commission of the State of Oregon, to classify his case and compensate him in accordance with the provisions of Section 6626, subdivision f, Oregon Laws."

The Commission appeals to this court, assigning numerous errors.                                    Reversed.

For appellant there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, and *Mr. James West,* Assistant Attorney General, with an oral argument by *Mr. West.*

For respondent there was a brief over the names of *Messrs. Crawford & Crawford* and *Mr. W. C. Campbell,* with oral arguments by *Mr. James W. Crawford* and *Mr. W. C. Campbell.*

BROWN, J.—At the conclusion of the plaintiff's case the Commission moved for a nonsuit upon the ground that there was no proof of service of the notice of appeal. However, the record shows that

notice of appeal was served upon the Commission as provided by Section 6637, Oregon Laws. At the time the question of jurisdiction was raised, the proof of service was in the record.

W. T. Kirk, one of the commissioners, testified in part, that the notice of appeal was received by the Commission on February 11, 1922. The record discloses the following colloquy by counsel for the respective parties and Commissioner Kirk while he was on the witness-stand:

"Mr. Campbell: Have you the notice of appeal in this case?

"Mr. West: That is on file in the court.

"A. (Mr. Kirk): We have the copy served on us.

"Mr. West: There is no necessity to put that in. It is in the record. * *

"Mr. Campbell: What is the date of the appeal?

"A. (Mr. Kirk): The appeal was received by us February 11, 1922."

The transcript shows that prior to the entry of the decree the following affidavit was filed in court by L. B. Sandblast:

(Omitting title and jurat.)

"I, L. B. Sandblast, being first duly sworn, on oath depose and say, that I was, on the 4th day of March, 1922, and prior thereto, attorney for the plaintiff claimant, William McDermott;

"That on said day I filed notice of appeal from the award and decision of the defendant, State Industrial Accident Commission, to the Circuit Court of the State of Oregon for Multnomah County, with the clerk of said court;

"That on said day I forwarded to the defendant at Salem, Oregon, by registered mail, a copy of said notice of appeal so filed * * ."

1. The statute providing for appeal from the findings and decisions of the Industrial Accident Commission reads:

"It shall be sufficient to give the circuit court jurisdiction, that a notice be filed with the clerk of said court to the effect that an appeal is taken to the circuit court from the decision of the Commission, the same to be signed by the party appealing or his attorney, and a copy thereof to be served by registered mail on the Commission."   Sec. 6637, Or. L.

From the excerpt of the statute quoted, it will be seen that the law does not require that proof of mailing the notice of appeal to the Commission shall be filed with or indorsed upon the original notice.   See *Streby* v. *State Industrial Accident Commission,* filed May 1, 1923, *ante,* p. 314 (215 Pac. 586).

2. It is asserted on behalf of the Commission that the notice of appeal is also defective because it fails to show that the claimant was a resident of Multnomah County, Oregon.   It is not necessary for the notice of appeal to show that the claimant was a resident of that or any other county.   The statute is the measure of the matter necessary to be contained in such notice.   Neither the Commission nor the court can add to the requirements of that notice, as enacted by the legislative body.

The next question that presents itself is a serious one.   The claimant, as is shown by the record, sustained injuries and filed his claim because of a hernia. The Commission considered the claimant's application and the evidence offered in support thereof, and found that his application was in proper form and made within the limitation of time provided by law, and that he was an employee at the time of his hurt, and subject to the Oregon Workmen's Compensation

Law. It found that his injuries were sustained by accident arising out of and in the course of his employment; that he was disabled for forty-two days, and that he was entitled to the total sum of $100.19 as compensation. The Commission paid his hospital expenses and the expenses of a surgical operation.

The claimant thus states his cause upon appeal in his brief:

"On January 26, 1922, the State Industrial Accident Commission awarded respondent the sum of $100.19 for hernia, but nothing for the other injuries, to-wit: Strain resulting in weakened abdominal wall, causing circulation of the blood to be impoverished and impaired, enlarged glands and abscess (see abstract of testimony, p. 71, et seq.), also weakened condition of femoral canal (see abstract of testimony, p. 75), also destruction of muscle tissue and scar tissue (see abstract of testimony, p. 77).

"Respondent appealed from the award of the Commission, claiming that he should be awarded compensation for the resulting injuries above mentioned, received at the time, and the direct result of the accident, in addition to the award for hernia, and also that the Commission had erred in classifying his injuries and condition as 'temporary total disability' under Subdivision (d) of Section 6626, Or. L., as amended by Chapter 311, Laws of 1921, Page 572, but that he should have been classified and rated under Subdivision (f) of said section and chapter, as suffering permanent partial disability."

Subdivision (d) referred to reads, in part (page 575, Laws of 1921):

"A workman, in order to be entitled to compensation for hernia, must prove (1) that the hernia did not exist prior to the date of the alleged accident, and (2) that it was immediately preceded by an accident arising out of and in the course of employment. A workman, after establishing the right to compensation for hernia, as above provided, when operated upon

shall be entitled to receive from the Industrial Ac-
cident Fund, under the provisions of Subdivision (d)
of this section, payment for temporary total disability
for a period of 42 days.  If such workman refuses
forthwith to submit to an operation, neither he nor
his beneficiaries shall be entitled to any benefits what-
soever under this act."

The provision of subdivision (f) invoked by the
claimant reads (page 575, Laws of 1921):

"Permanent partial disability means the loss of
either one arm, one hand, one leg, one foot, loss of
hearing in one or both ears, loss of one eye, one or
more fingers, any dislocation where ligaments are
severed, or any other injury known in surgery to be
permanent partial disability * * ."

The case presented to and considered by the Com-
mission, and the decision from which the plaintiff ap-
pealed, were based upon the claim for compensation
on account of hernia alone.  Plaintiff's right to
compensation, as awarded, was corroborated by the
statutory proof required by the Workmen's Com-
pensation Act.  He made his own case before the
Commission.  He appealed to the Circuit Court from
the award made in that case.  However, the cause
of action tried in the Circuit Court was much more
inclusive.  As stated in plaintiff's brief, the case was
tried in the Circuit Court on the basis that the claim-
ant was entitled to compensation for injuries "in
addition to the award for hernia."

3. It should be remembered that the Circuit Court
is not a court of original jurisdiction in the matter of
claims arising under the Workmen's Compensation
Law, but that it exercises appellate jurisdiction alone.
The appeal was prosecuted in the Circuit Court and
that court made its findings upon the theory, not

only that claimant sustained a personal injury by accident in the course of his employment which resulted in hernia, but that the same was

"a very vicious, aggravated and incurable femoral hernia,* * and complications consisting of leakage of the heart, abscess, and enlargement of and breaking down of the tissue of glands in *permeal* [*sic*] region, and general undermining of constitution and health, permanently incapacitating plaintiff from performing hard, if any, manual labor."

From the record before us, it plainly appears that one cause for compensation was presented to the Commission; an additional and much more serious claim was tried in the Circuit Court.

It is true that this court has decided that appeals of this character are heard *de novo: Miller* v. *State Industrial Accident Commission,* 84 Or. 507, 511 (159 Pac. 1150, 165 Pac. 576); *Raney* v. *State Industrial Accident Commission,* 85 Or. 199 (166 Pac. 523). But this does not mean that another or an additional cause for compensation shall be tried in the Circuit Court. The cause of action tried in the Circuit Court must be the cause for compensation heard before the Commission.

4. The hearing of plaintiff's claim for compensation by the Commission was informal. His application for compensation was the foundation for the award which resulted from the hearing. The award in the full sum provided by statute for hernia was a proper sequence to the application filed by the plaintiff and is supported by facts stated in that application and the sustaining proof. The Commission acted upon the matter properly before it, hence, it did not err in making its award.

For the reasons above indicated, this case is reversed.                                    REVERSED.

McBRIDE, C. J., and HARRIS, J., concur.

BEAN, J., Dissenting.—I agree in the questions of law as announced by Mr. Justice BROWN, but cannot concur in the application in this case. I therefore dissent.