Argued January 14; reversed January 20, 1942

GOTTFRIED *v.* STATE INDUSTRIAL ACCIDENT
COMMISSION

(120 P. (2d) 970)

Before KELLY, Chief Justice, and BAILEY, LUSK,
RAND, ROSSMAN and BRAND, Associate Justices.

*C. S. Emmons*, Assistant Attorney General (I. H.
Van Winkle, Attorney General, and C. L. Marsters

and Walter H. Evans, Jr., Assistant Attorneys General, on the brief), for appellant.

*Asa L. Lewelling*, of Salem (Ross & Lewelling of Salem, on the brief), for respondent.

LUSK, J. The defendant State Industrial Accident Commission has appealed from a judgment in favor of the plaintiff awarding him compensation for an injury sustained in the course of his employment. The trial was before the court without a jury. The defendant moved for a judgment of involuntary nonsuit, which was denied. That motion and the assignment of error based on its denial present the question of whether there is any evidence in the record that the·plaintiff's injury was sustained "by accident * * * caused by violent or external means", § 102-1754, O. C. L. A.

Plaintiff was an employe of the Cherry City Baking Company in Salem. At the time of his injury he was at work making buns and pastry. His duties required him to stand at a machine having a hopper which was filled with dough and was operated in such a way that the dough formed into buns and dropped on a tray which revolved towards the plaintiff. He would take the buns from the tray and place them on pans. The machine at that time was operating at the rate of 220 buns a minute. As he was placing some of the buns on a pan after taking them off the tray he noticed one drop from the tray to the floor at his right. He stooped over quickly to pick it up and throw it in the waste barrel, and in so doing injured his back. Ordinarily the buns did not fall from the tray to the floor, though such an occurrence was not unprecedented, and the plaintiff testified that when it did occur it was his duty to pick up the bun, as he started to do in this instance.

In substance, this is all the evidence relied on by the plaintiff in support of his claim that he sustained an accidental injury within the meaning of the Workmen's Compensation Act.

█ We are of the opinion that the plaintiff has failed in his proof and that the court erred in denying the defendant's motion for a nonsuit. "This court is committed to the line of cases which hold that where an unusual or unexpected result occurs by reason of the doing by insured of an intentional act, where no mischance, slip or mishap occurs in doing the act itself, the ensuing injury or death is not caused through accidental means; that it must appear that the means used was accidental, and it is not enough that the result may be unusual, unexpected or unforeseen: *Dondeneau v. State Industrial Accident Commission*, 119 Or. 357, 249 P. 820, 50 A. L. R. 1129'', *Demagalski v. State Industrial Accident Commission*, 151 Or. 251, 47 P. (2d) 947. The decisions in this state as well as in other jurisdictions are reviewed in the Demagalski case and no good purpose would be served by going over that ground again. The most recent case, *Chalfant v. Arens*, decided December 16, 1941, announces no departure from the established rule.

The act of the plaintiff in stooping over to pick up the bun was an intentional act unaccompanied by mischance, slip or mishap, and was the sole cause of his injury. It was the result only—the injury to plaintiff's back—that was unusual, unexpected or unforeseen, and therefore accidental. The promptness which characterized plaintiff's movement cannot be said to metamorphose it from an intentional to an unintentional act.

The plaintiff argues that the accident consisted of the bun falling from the tray to the floor. That may be,

but it was in no legal sense the cause of the plaintiff's injury. It was merely the occasion for the plaintiff acting as he did. It might be said that there was an accident to the bun. There certainly was not to the plaintiff.

The judgment is reversed and the cause remanded with directions to enter judgment of involuntary non-suit.