Submitted on briefs January 8, affirmed January 30, 1957

# BURROWS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

306 P. 2d 395

Willis, Kyle & Emmons, Albany, for appellant.

Robert Y. Thornton, Attorney General, Ray H. Lafky, and Earl M. Preston, Assistant Attorneys General, Salem, for respondent.

KESTER, J.

This is an appeal by the plaintiff from an order of the circuit court setting aside a verdict for plaintiff and granting judgment for the defendant State Industrial Accident Commission notwithstanding the verdict. The questions presented are whether the pleadings and proof are sufficient to support a finding that plaintiff sustained a "personal injury by accident * * * caused by violent or external means" within the meaning of the Workmen's Compensation Law (ORS 656.152, 656.202).

Plaintiff's injury occurred on August 18, 1955, at which time he was working on a project involving enlargement of the plant facilities at the mill of Plywood Products Corporation at Camp Adair. While engaged in lifting the end of a heavy I-beam, he injured his back. At the time of the injury he was standing on "other material," which apparently consisted of crated machine parts, and "one foot was down and the other foot was up." The only evidence with respect to the occurrence of the injury was plaintiff's testimony as follows:

"A Well, when I picked it up, when I got ahold of it by the end, I went to turn around to get in a position so I could go across this other material to set it onto the dolly. Well, whatever was under this foot or whatever it was that I was standing on —because other material was there, I couldn't recall, it was different parts, you know, what was laying there on the ground—well, as I went to go around the end of the beam that we were carrying,

why it was either this foot gave way with me, something gave under me.

"*  *  *  *  *

"That throwed the weight all onto one side. In other words, when I was in a twist why this whatever it was, when I turned, why something gave way and it throwed out the weight on this one leg and it acted similar to me just like you throw your head back real quick and you get a snap.

"*  *  *  *  *

"That's when I got the shock in my back, and while I was in there trying to turn around to face forward to carry it over to the dolly.

"*  *  *  *  *

"A Well, it throwed the weight onto the one side and I felt a kink in my back, and I managed to get over to the dolly, and then I didn't lift any more. There was another man —."

Plaintiff's fellow workman, carrying the other end of the beam, did not see anything happen to plaintiff, although he knew plaintiff was hurt because of his actions shortly afterward. No medical testimony was produced with respect to the cause of plaintiff's disability.

In his claim to the State Industrial Accident Commission plaintiff described the cause of the accident as: "lifting parts for dryer." In response to a request for more detailed information he said: "Helping several men lift I-beam and put kink in back.  *  *  * In lifting evidently strained or slipped disc out of place." One of the questions on the printed form submitted to him was:

"Encircle below the words that correctly describe the circumstances:

"*  *  *  *  *

"b. Did you: Fall . . . slip . . . reach up . . . bend over . . . straighten up?"

Plaintiff encircled the words "bend over" and "straighten up" and inserted in longhand the words hereinafter italicized, so that as completed the form read: "(bend over) *and lifted Putting kink in back while* (straighten up)?" He did not encircle the word "slip."

The application for rehearing before the Commission, a certified copy of which has been made a part of the record herein, under ORS 656.288 (4), described the incident as follows:

"* * * That claimant was standing out on the loading dock of the plant and was standing on different material with his feet on uneven surfaces and giving out a great deal of strength in handling and lifting these 'i' beams, and that while he was in this awkward position with one leg on one box or crate and the other leg on another box or crate at a different level he became off balance and while he was thus off balance and in an awkward position he lifted on one of the 'i' beams and suffered an immediate tearing sensation in his lower back."

The complaint, as amended, alleges:

"That on the 18th day of August, 1955, plaintiff was employed in assisting in the installation of additional drying equipment to enlarge the capacity of the plant and that plaintiff and other employees were working in the handling of long steel 'I' beams to get them through the door and into position for installation in the new section being added to the dryer in the plant. That plaintiff was standing out on the loading dock and was standing on material lying on the dock with his feet on uneven surfaces and was putting forth a great deal of strength in handling these 'I' beams and while he was in this awkward position with one leg on a crate or box and the other on another crate or box at a different level he [slipped and] became off balance [while

lifting] and while thus off balance and in an awkward position plaintiff lifted on one of the 'I' beams and inadvertently strained himself and suffered an immediate tearing sensation in the lower back.''

The words above bracketed were inserted by amendment, over defendant's objection, after the trial had begun and after defendant had orally demurred and objected to the introduction of any evidence on the ground that the complaint failed to state a cause of action. At the conclusion of plaintiff's case defendant moved for a nonsuit, and upon denial of the motion defendant rested and moved for a directed verdict. That motion being denied, the cause was submitted to the jury upon a special verdict for an answer to the single question:

"Did plaintiff sustain personal injury by accident arising out of and in the course of his employment by Plywood Products Corporation on August 18, 1955, resulting in his disability?''

■ We note in passing that the form of special verdict submitted to the jury omitted the language ''by violent or external means.'' A finding of ''violent or external means'' is essential to a recovery by plaintiff. *Ramsey v. S.I.A.C.*, 159 Or 43, 77 P2d 1109; ORS 656.202. While in the view we take of the case the error was immaterial, we mention it lest the form of verdict above quoted be taken as a model in other cases.

The jury answered the question in the affirmative, and judgment was entered referring the claim back to the Commission with directions to allow the claim and make further orders with reference to payment of compensation. Thereafter, on motion of defendant, the trial court vacated the judgment and granted judgment for the defendant notwithstanding the verdict.

In our opinion, the trial court was correct in granting judgment notwithstanding the verdict.

■ First: The complaint, even as amended, did not allege a compensable accident. Both the application for rehearing before the Commission and the original complaint in this case alleged a two-fold occurrence: (1) that plaintiff became off-balance, and (2) that while thus off-balance and in an awkward position, he lifted on the beam and injured his back. Under this allegation the cause of the injury was the deliberate act of lifting while in an unbalanced position. There was no claim at that stage of any "mischance, slip or mishap in doing the act itself." As presented to the Commission, and as originally presented to the circuit court, it was simply a case of an unexpected result from an intentional act, which, under the settled law of this state, is not an "injury by accident * * * caused by violent or external means." *Gottfried v. S.I.A.C.*, 168 Or 65, 120 P2d 970; *Chalfant v. Arens,* 167 Or 649, 120 P2d 219; *Demagalski v. S.I.A.C.,* 151 Or 251, 47 P2d 947.

The Workmen's Compensation Law provides, in ORS 656.284:

"(1) Any claimant aggrieved by any order, decision or award under ORS 656.282 must, before he appeals to the courts, file with the commission an application for rehearing within 60 days from the day on which the copy of such order, decision or award was mailed to the claimant.

"(2) The application shall set forth in full detail the grounds upon which the claimant considers such order, decision or award is unjust or unlawful, and shall include every issue to be considered by the commission. The application must contain a general statement of the facts upon which the claimant relies in support thereof.

"(3) The claimant shall be deemed to have waived all objections, irregularities and illegalities concerning the matter upon which the rehearing is sought other than those specifically set forth in such application for rehearing."

and in ORS 656.288:

"(1) Upon such appeal the plaintiff may raise only such issues of law or facts as were properly included in his application for rehearing."

Under these statutes, on an appeal to the courts, the claimant is limited to the same theory of the case as that which has been presented to the Commission, and an amendment substantially changing that theory would be improper. To hold otherwise would be to circumvent the original jurisdiction of the Commission. *White v. S.I.A.C.*, 163 Or 476, 96 P2d 772, 98 P2d 955.

If the amendment, adding the bracketed words, as follows:

"* * * he [slipped and] became off balance [while lifting] and while thus off balance and in an awkward position plaintiff lifted on one of the 'I' beams and inadvertently strained himself."

be construed as alleging that the slip while lifting was itself the cause of the injury, then there was a substantial change in the issues presented to the Commission, and the court was without power to allow the amendment. If, however, the amendment be construed as merely amplifying the manner in which plaintiff initially became off-balance (and this is the ground on which plaintiff defends the amendment), then the complaint remains subject to the objection that it alleges merely the unexpected result of an intentional act.

■ Second: Plaintiff's testimony as to the occurrence of the injury did not conform to either the appli-

cation for rehearing, the original complaint, or the amended complaint, and it left the cause of the injury completely speculative. The essence of his testimony was that: (1) either his foot gave way, or (2) something gave way under him; and when the weight was thrown on one side he felt a kink in his back. There was no evidence of any slip, nor of what it was that "gave way" if not his own foot.

Assuming that it would have been a compensable accident if the object on which he was standing had broken or otherwise given way under him, and that had directly caused the strain, such a theory is not open under either the pleadings in this case or the proceedings before the Commission. The other possibility—that his own foot gave way with him—excludes the idea of an accident caused by violent or external means. Even if the alternative that something gave way under him were available under the issues made, there is nothing to make that appear more probable than the alternative that his own foot gave way, and there was a failure of proof. *McKay v. S.I.A.C.,* 161 Or 191, 87 P2d 202.

The judgment for defendant n.o.v. must, therefore, be affirmed.