Argued October 15, affirmed November 26, 1958

# KEHOE *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

331 P. 2d 91

*Gerald C. Knapp,* Portland, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Salem, Attorney General, and Ray H. Lafky, Salem, Assistant Attorney General.

*Burl L. Green,* Portland, argued the cause for respondent. On the brief were Green, Richardson, Green & Griswold, Portland.

Before PERRY, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

PERRY, C.J.

This is an appeal by the defendant State Industrial Accident Commission from a judgment of the circuit court remanding plaintiff's claim back to the Commission for the allowance of the proper benefits accorded this workman under the Act.

Several assignments of error are set forth in defendant's brief, but only two questions of law are involved:

First, did the trial court err in refusing to submit to the jury for its determination as a question of fact whether or not the defendant Commission abused its discretion in rejecting plaintiff's claim because it was not filed within three months after the occurrence of injury?

Second, did the plaintiff suffer a personal injury by accident caused by violent or external means? ORS 656.202*.

The facts appear as follows: The plaintiff, on March 26, 1955, as an employee of the Eggum Lumber Company undertook to operate a Hyster fork lift truck for the purpose of moving lumber. The truck had a defective steering mechanism that required excessive hand and arm pressure to steer the truck, and, because of the defective steering mechanism, the steering wheel would suddenly stop and kick back, jarring and jolting the plaintiff. Within a few hours after operation of the truck plaintiff suffered a myocardial infarction.

On March 26, 1956, the plaintiff filed his accident claim with the defendant, but no showing was made therein as to why the claim was not filed within three months after the occurrence of the purported accident.

On June 8, 1956, the defendant rejected the claim on the sole ground that plaintiff had failed to establish that he had sustained, in the course of his employment, a personal injury by accident caused by violent or external means.

On July 12, 1956, plaintiff filed his petition for a rehearing. At this rehearing the plaintiff was for the

---

* Amended by Oregon Laws 1957, ch 718 § 3, p 1302.

first time questioned as to why he had delayed filing his claim for more than three months.

On August 20, 1956, the defendant Commission entered its order rejecting the plaintiff's claim upon the grounds set forth in its original rejection order, and on the further ground that the defendant had not filed his claim within three months after injury, but only within the year.

■ From this order of rejection the plaintiff appealed to the Circuit Court of Multnomah County, setting forth in his complaint the defendant's grounds for rejection of his claim on the rehearing. At the conclusion of the introduction of the evidence by the parties, the trial court removed from the consideration of the jury the question of whether or not the defendant Commission had abused its discretion in rejecting plaintiff's claim because it was not filed within three months after the injury, and submitted solely the question of the merits of plaintiff's claim of accidental injury.

ORS 656.274 provides in part:

> "No application shall be valid or claim thereunder enforceable in nonfatal cases unless such claim is filed within three months after the date upon which the accident occurred, but the commission may, in its discretion, upon sufficient showing being made, permit the filing of a claim in a nonfatal case within one year of the time the accident occurred."

This statute requires the Commission to accept all claims in meritorious cases filed within one year of the time of the accident, if reasonable cause is shown why a claim was not filed within the three months period. *Tice v. State Ind. Acc. Comm.*, 183 Or 593, 195 P2d 188.

The question of whether or not reasonable cause is shown for the late filing of a claim is a question of fact. *Wooldridge v. Arens et al.,* 164 Or 410, 98 P2d 1, 102 P2d 717.

Thus it appears there should be facts existing which call for the Commission's determination of the question of whether a reasonable cause exists to permit acceptance of the late filing.

■ In this case there can be no question but that the Commission actually permitted a late filing of the claim, for the claim itself shows the date of the accidental injury, the date of presentment to the Commission, and the Commission's rejection on the sole ground that plaintiff failed to produce sufficient evidence that the injury arose in the course of his employment by reason of an accident caused by violent or external means.

This presents a far different situation from that presented in *Wooldridge v. Arens, et al.,* 164 Or 410, supra, wherein we held that the Commission had not exercised its discretion and accepted jurisdiction of the claimant's cause. Upon this issue, that case is authority only for the proposition that neither the mere filing of a claim nor the granting of a rehearing constitutes acceptance of jurisdiction by the Commission to determine the merits of a claim for compensation when the claim was rejected in the first instance because not proffered within the time provided by statute.

In the present case we find no rejection because of late filing until after the Commission had acted upon the claim and rejected it upon its merits.

In *Wooldridge v. Arens et al.,* supra, p. 426, we said:

"* * * The statute, which authorizes the

commission in its discretion to permit the filing of the claim after the three months' period, 'upon a sufficient showing being made,' manifestly contemplates that the commission shall investigate the case before acting upon the application."

This statement applies with full force to the cause considered. There is no evidence in this case but that the Commission performed its full duty and found sufficient reason to permit the late filing. In the absence of a showing to the contrary, there is a presumption that "official duty has been regularly performed". ORS 41.360.

It may be argued, since the Commission at the rehearing rejected the claim because of late filing, this is evidence that the Commission did not investigate the claim. Such ruling is not evidence of the prior investigation; it is at most only a showing that the Commission may have reconsidered its prior action.

Such reconsideration comes too late after due acceptance of the proffered claim. *Yeager v. State Compensation Commissioner*, 113 W Va 257, 167 SE 617; *Calloway v. State Compensation Commissioner*, 113 W Va 47, 166 SE 700.

The reasoning of these West Virginia cases, which held that a statute permitting a commission to waive the requirements of filing within a certain time, when once waived by the commission, was final, was recognized and approved by this court in *Wooldridge v. Arens, et al.*, supra.

The trial court correctly withdrew from the consideration of the jury the question of whether or not the Commission abused its discretion in denying plaintiff's claim because of late filing.

What we have here said does not in anywise conflict with our opinion in *Landauer v. State Ind. Acc. Com.*,

175 Or 418, 154 P2d 189, relied upon by the defendant. Upon this issue now considered, that case goes no further than to require a claimant, who has appealed to the circuit court from a proper denial of his claim by the Commission because not proffered within the three months' period, to set forth in his complaint facts that will justify submission to a jury the question of fact: Did the Commission abuse its discretion in rejecting the claim for that reason?

The second legal question is answered by determining whether or not the evidence discloses plaintiff was injured by *accident* as that term is used in the Workmen's Compensation Act.

■ This Court is committed to the rule that when an unusual or unexplained result occurs by reason of the doing of an intentional act, where no mischance or slip occurs in the doing of that act, the injury is not an accident within the meaning of the statute. *Burrows v. State Ind. Acc. Com.*, 209 Or 352, 357, 306 P2d 395.

It is not the doing of an intentional act, however, that is controlling; it is what occurs while doing the intentional act. Practically stated, the cause of injury itself must be accidental not the unforeseen result.

■ It is clear from the following citations that if, in the doing of an intentional act, a workman is injured by an unexpected occurrence which causes an external force to be directed against the person, an accident occurs within the meaning of that term as used in the statute. *Elford v. State Ind. Acc. Com.*, 141 Or 284, 17 P2d 568; *Huntley v. Ore. St. Ind. Acc. Com.*, 138 Or 184, 6 P2d 209; *Dondeneau v. State Industrial Acc. Com.*, 119 Or 357, 249 P 820, 50 ALR 1129.

■ We are of the opinion that plaintiff suffered an accident in the course of his employment; for, while

it is true he was exerting his own strength to intentionally turn the steering wheel of the truck, it is likewise true that there is evidence that, because of the defective mechanism, a force apart from that exerted by the plaintiff caused the steering wheel to jerk, exerting force against the person of the plaintiff.

The defendant also contends that the evidence is insufficient to show a causal connection between the occurring accident and the plaintiff's injury.

■ The medical testimony discloses the plaintiff had a heart condition which could be and was conducive to a myocardial infarction if he over-exerted himself. One of the doctors testified that it was probable that the stress and strain exerted by the plaintiff and the jolting he received in turning the steering wheel produced the onset of the heart condition.

The defendant's contention is that the jury was left to speculate as to whether the exertion of the defendant or the jolting action caused the heart attack, and, since one cause was as probable as the other in producing the result, the jury could only speculate as to which was the cause.

■ Under the purposes to be accomplished in social welfare by the enactment of the Workmen's Compensation Acts, we are of the opinion that the law does not weigh the relative importance of the several causes that bring about the injury—it is sufficient if the accident occurring through employment is a contributing cause of the result. 1 Larson's Workmen's Compensation Law 50, Categories of Risk § 7.40.

The judgment is affirmed.

On Respondent's Motion For Attorneys' Fees

■ As an incident of affirmance, the plaintiff is entitled to have this court fix and determine attorneys'

fees for his attorneys' services performed on appeal. ORS 656.290.

By affidavit he sets forth the number of hours his attorneys were engaged in research writing and dictation of the plaintiff's brief. Upon this premise he requests attorneys' fees based upon $15 per hour as provided in the minimum fee schedule of the Oregon State Bar for office business.

In fairness to plaintiff, it should be said he also points out that the Oregon State Bar schedule provides on appeal a minimum fee of $200 for respondent's appearance and brief and $150 for oral argument.

■ The matter of fees in Workmen's Compensation appeals to this court has been recently considered by us in the cases of *Mikolich v. State Ind. Acc. Com.*, 212 Or 36, 58, 316 P2d 812, 318 P2d 274; and *King v. Ind. Acc. Com.*, 211 Or 40, 92, 309 P2d 159, 315 P2d 148, 318 P2d 272. For the reasons stated therein we reached the conclusion that the recommended minimum fee schedule of the Oregon State Bar Association as applied to the subject of appeal be adhered to. We find no unusual circumstances in this case that would warrant us from departing from that conclusion.

The plaintiff is allowed the sum of $350 as attorneys' fees for professional services rendered in this court.