Argued March 7, affirmed April 12, 1967

## NEELEY, *Appellant, v.* STATE COMPENSA-
## TION DEPARTMENT, *Respondent.*

426 P. 2d 460

*Clifford B. Olsen,* Portland, argued the cause for appellant. On the brief were Franklin, Olsen, Bennett, Des Brisay & Jolles, Portland.

*Quintin B. Estell,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Robert Y. Thornton, Attorney General, Wallace Carpenter, Assistant Attorney General and Chief

Counsel for the State Compensation Department, and Harold W. Adams, Assistant Attorney General, Salem.

Before Perry, Chief Justice, and O'Connell, Goodwin and Fort, Justices.

GOODWIN, J.

In this action for benefits under the Workmen's Compensation Law as it existed in 1964, the workman appeals a denial of relief at the circuit-court level based upon a finding that the court was without jurisdiction because of his failure to exhaust his administrative remedies. We affirm that judgment.

Prior to July 1, 1964, the workman was employed as fire chief by the Winston-Dillard Rural Fire Department in Douglas County. His employment was, by mutual agreement, to terminate on July 1, 1964. He was, prior to July 1, 1964, a covered workman within the meaning of ORS 656.122. On June 27, 1964, he went to Milwaukie, Oregon, for the purpose of taking a physical agility test in connection with an application for employment by the City of Milwaukie Fire Department. In the course of the physical test, which involved strenuous exercise, the workman suffered a myocardial infarction. The Milwaukie Fire Department was, at the time, a covered employer. For the purpose of this appeal we may assume, without deciding, that the workman therefore had a compensable claim arising out of employment by the Milwaukie Fire Department.

Plaintiff filed a timely claim with the State Compensation Department, setting forth the time and place of his injury but designating as his employer the Winston-Dillard Rural Fire Department. The department rejected plaintiff's claim on August 25, 1964, for

the reason that the injury did not arise within the scope of his employment with the covered employer described in his claim. Thereafter, plaintiff filed a petition for rehearing, but he persisted in asserting that his injury was within the scope of his employment with the Winston-Dillard Rural Fire Department. Hearing was held on November 17, 1964. At this hearing the compensation department learned about the Milwaukie Fire Department's connection with the case but no attempt was made to amend the petition to describe the Milwaukie Fire Department as an employer. The compensation department again rejected the claim on the ground that the injury was not sustained in the course of the covered employment described in the claim.

The workman thereupon appealed to the circuit court, and there, for the first time, alleged that on or about June 27, 1964, "plaintiff was employed by the City of Milwaukie Fire Department as a fireman." He also alleged, for the first time, that the Milwaukie Fire Department was a covered employer.

In the circuit court, the workman cited a variety of cases holding that a person undergoing a pre-employment physical examination is an "employee" of the company or individual requiring the examination, and is entitled to the benefits of the Workmen's Compensation Law. The circuit court dismissed the complaint on the ground that even if the workman's theory were correct as an abstract proposition of law, the court was without jurisdiction to entertain the case since the plaintiff had not first given the State Compensation Department an opportunity to pass upon the merits of the question.

■ The circuit court applied the widely recognized rule that a "reviewing court usurps the agency's func-

tion when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action * * *." *Unemployment Comm'n v. Aragon,* 329 US 143, 155, 67 S Ct 245, 251, 91 L Ed 136 (1946); *McDermott v. State Industrial Acc. Com.,* 107 Or 526, 535, 215 P 591 (1923); 3 Davis, Administrative Law Treatise 91, § 20.06 (1958). Inasmuch as the circuit court acts in compensation cases as a court of review, it is entitled to the benefit of an agency decision upon the question to be reviewed.

■ The question presented in the circuit court was never addressed to the agency and thus was not ripe for judicial review. The court correctly refused to consider it. *Burrows v. State Ind. Acc. Com.,* 209 Or 352, 306 P2d 395 (1957).

Affirmed.