Argued November 20, affirmed December 23, 1970, petition for
rehearing allowed February 9, argued on rehearing April 23,
former opinion adhered to May 13, 1971

# WATSON, *Respondent, v.* GEORGIA-PACIFIC
# CORPORATION, *Appellant.*

478 P2d 431
484 P2d 1115

*Jack L. Mattison*, Eugene, argued the cause for the appellant. On the briefs were Jaqua, Wheatley & Gardner, Eugene.

*Raymond J. Conboy*, Portland, argued the cause for respondent. With him on the brief were Dan O'Leary, and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

LANGTRY, J.

■ This is a workmen's compensation case. Defendant appeals from an order of the circuit court which reversed an order of the Workmen's Compensation Board which, in turn, had reversed the decision of the hearing officer.

On May 20, 1966, claimant was riding in a company-provided vehicle to the company's logging operation where he worked. The vehicle hit a deep chuckhole in the road, jolting it and throwing claimant to the floor. He experienced back pain and received one medical treatment for it at the time, but lost no time from work. A few weeks or months later his job terminated and he soon went to work logging for another employer, where he continues to work. Subsequent to the May 1966 accident, he experienced continuing difficulty with his low back and pain radiating down his legs, and, about two years later, he sought further medical treatment from defendant. Claimant did not lose substantial time from work as a result of this injury. Defendant rejected his requests in a letter dated October 14, 1969, resulting in this proceeding. On October 15, 1969, defendant had spinal surgery performed by Richard F. Berg, M.D., for the low back condition.

Claimant was 56 years old in 1966 when the accident in question occurred. He had followed logging, principally, and other hard and hazardous labor all his working life. In different accidents before 1966, he had experienced fractures of both legs, a broken foot, four pelvic fractures, fractures of the L4 and L5 vertebrae, and a skull fracture, loss of one eye, and a buttock and low back injury from a fall in 1963. Since leaving defendant's employment, he has had three work accidents resulting in minor claims—a foot, a face, and shoulder injuries, from all of which he has now recovered.

His orthopedic surgeon, Dr. Berg, positively attributes claimant's latest back problems to the May 1966 trauma, describing it as an aggravation of previously existing conditions. Another orthopedist, W. J. McHolick, M.D., who examined claimant for defendant, testified on direct examination that the May 1966 accident was not related to the present low back symptoms. He qualified this on cross-examination, and his written report also qualifies it, by saying that the May 1966 incident would have some effect, although he could not attribute any particular portion of present low back problems to any particular one of claimant's multiple injuries affecting that area. He noted that one leg is about one inch longer than the other, attributable to pelvic fractures.

After reviewing this evidence the hearing officer said, "the weight of the medical evidence is that the May 20, 1966, injury is causally connected" to present trouble.

The Workmen's Compensation Board, after observing that this was the most trivial of claimant's

injuries, "and would have been ignored but for the opportunity to utilize" it as a vehicle for basing a claim, held that Dr. McHolick's opinion and "the total picture makes the reference of the physical problems to the May, 1966 injury quite illogical."

The circuit court found that the May 1966 injury "was a primary producing cause of the * * * difficulty he has since had in his lower back and legs," and reinstated the hearing officer's order which was for acceptance of the claim by defendant, and for further benefits, "including, but not limited to, all required medical services and disability compensation therewith associated until closure of the claim * * *."

Defendant argues in view of the extensive history of injuries, and particularly the 1963 injury to the same area, that it is too speculative to attribute the present trouble to the 1966 incident which was trivial in nature. We would agree that claimant probably was going to experience some trauma that would aggravate his previous condition as it has been aggravated. In that sense the cause is speculative, and, as both surgeons testified, it is difficult to say any one of the accidents caused the present trouble. They all had a part in the result. But, as Dr. Berg testified, the last trauma to the low back precipitated the onset of serious symptoms.

The employer takes the employe as he is. An aggravation by industrial accident of a pre-existing condition is compensable. *Kehoe v. Ind. Accident Com.*, 214 Or 629, 332 P2d 91 (1958); *Keefer v. State Ind. Acc. Commission*, 171 Or 405, 135 P2d 806 (1943).

The facts and the medical evidence, as the hearing officer held, support the inference that the May

1966 injury was a contributory cause to claimant's low back condition which required treatment.

Affirmed.

## ON REHEARING

*Jack Mattison*, Eugene, argued the cause for appellant on rehearing. With him on the brief were Jaqua, Wheatley & Gardner, Eugene.

358

*Raymond J. Conboy*, Portland, argued the cause for respondent on rehearing.

JOHN C. WARDEN, Judge.

Argued and submitted April 23, 1971.

*Raymond J. Conboy*, Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison, and Dan O'Leary, Portland.

*Jack Mattison*, Eugene, argued the cause for respondent. With him on the brief were Jaqua, Wheatley & Gardner, and John E. Jaqua, Eugene.

LANGTRY, J.

■ These appeals concern a workmen's compensation case. They bear the same title, parties, Workmen's Compensation Board file number and circuit court file number. The first appeal is from a circuit court decision concerning claimant's eligibility for compensation. The second concerns a contempt proceeding which grew out of the employer's refusal to pay compensation while the first matter was on appeal. The first matter was heard by this court and decided favorably to the claimant. *Watson v. Georgia-Pacific Corp.*, 5 Or App 353, 478 P2d 431 (1970). We granted rehearing because several errors were made in the fact statement. They came about largely because the circuit court clerk and the clerk of this court did not distinguish between documents that belonged in one file or

the other, with a resultant mixing of them. This court did not detect the mixing of evidence as the former opinion was prepared. Now, we correct that opinion in the following particulars:

The employer's letter of refusal to pay compensation should have been identified as having been written on February 4, 1969, instead of October 14, 1969. Another refusal letter which precipitated the contempt case was written on October 14, 1969. The opinion referred to deposition testimony of Doctors Berg and Kloos. Their depositions were not introduced in the first proceeding. Dr. Berg's reports, however, were in the first proceeding and were to much the same effect as his deposition testimony. The inference stated in our former opinion that the claimant was thrown to the floor of the bus in which he was riding when the accident occurred was drawn from deposition testimony given by Dr. Kloos, which should not have been part of that record. Without that testimony the evidence substantiates an inference only that claimant received a severe jolt to his back when the bus hit a hole in the road.

Other claimed errors in the petition for rehearing are so unsubstantial that they do not merit mention. After reviewing the evidence that is properly in the record of the first case, we again come to our previous conclusion. The claimant had experienced repeated trauma over a period of many years before the injury which precipitated this claim and some of them affected his back. We think our former conclusion that he probably was going to experience new trauma which, when it occurred, would aggravate the previously existing back condition is correct. The subject accident did precipitate the onset of such symptoms. The

employer takes the employe as he is, and the accident caused compensable injury.

At the same time as the rehearing argument, we heard the appeal of the contempt proceeding. On October 14, 1969, as we have already noted, the employer again rejected the claim. This was after the hearing officer had ordered payment and his order was on appeal to the Workmen's Compensation Board. On October 16, 1969, the Board set aside the award made by the hearing officer and the claimant appealed to the circuit court, which reinstated the hearing officer's award on December 16, 1969, and the employer appealed to this court. During the month of October 1969, while the appellate process went on, Dr. Berg performed surgery on the claimant's back. A contempt proceeding, based upon the refusal to pay, was commenced and hearing was held in the circuit court on February 2, 1970. The employer still had not paid for the surgery or compensation. The circuit court refused to act in the contempt matter because the appeal had been taken. The circuit judge took the view that this appeal divested him of jurisdiction, and so ordered. Claimant appealed from that order and urges upon us ORS 656.313 (1), which provides:

> "Filing by an employer or the State Accident Insurance Fund of a request for review or court appeal shall not stay payment of compensation to a claimant."

The employer, on the other hand, argues the general rule that once an appeal and appropriate bond have been filed, a circuit court is without further jurisdiction over the cause except for certain powers in aid of the appeal process.

We do not get to a decision of the legal ques-

tion thus presented because we conclude that it is moot. Employer points out to us in his brief that under the provisions of ORS 656.283 and 656.382, a remedy is provided against a direct responsibility employer who refuses to pay compensation due under an order of hearing officer, board, or a court, and that when that remedy was brought into play by the claimant in this case the employer did make full payment of all compensation due claimant by reason of the orders of the circuit court.

The hearing on the latter remedy was held on February 5, 1970, three days after the hearing in the contempt matter. Exhibits to employer's brief set out the order of March 4, 1970, and amended order of April 24, 1970, entered by the hearing officer. The hearing officer's order assessed a 25 per cent penalty against the employer for unreasonable delay and refusal in payment of compensation. Attorney fees were also assessed against the employer.

Employer states that while the evidence of payment is not a part of the record, the sums required have been paid. Claimant conceded this in oral argument. We agree with the employer that payment makes the matter moot.

As we have indicated above, we adhere to our former opinion on the question of compensability. With reference to the contempt, the appeal is dismissed.