478 P.2d 431 (1970)
In the matter of the Compensation of James A. WATSON.
James A. Watson, Respondent,
v.
GEORGIA-PACIFIC CORPORATION, Appellant.
Court of Appeals of Oregon, Department 1.
Argued and Submitted November 20, 1970.
Decided December 23, 1970.
*432 Jack L. Mattison, Eugene, argued the cause for the appellant. On the briefs were Jaqua, Wheatley & Gardner, Eugene.
Raymond J. Conboy, Portland, argued the cause for respondent. With him on the brief were Dan O'Leary, and Pozzi, Wilson & Atchison, Portland.
Before SCHWAB, C.J., and LANGTRY and BRANCHFIELD, JJ.
LANGTRY, Judge.
This is a workmen's compensation case. Defendant appeals from an order of the circuit court which reversed an order of the Workmen's Compensation Board, which, in turn, had reversed the decision of the hearing officer.
On May 20, 1966, claimant was riding in a company-provided vehicle to the company's logging operation where he worked. The vehicle hit a deep chuckhole in the road, jolting it and throwing claimant to the floor. He experienced back pain, and received one medical treatment for it at the time, but lost no time from work. A few weeks or months later his job terminated, and he soon went to work logging for another employer, where he continues to work. Subsequent to the May 1966 accident, he experienced continuing difficulty with his low back and pain radiating down his legs, and, about two years later, he sought further medical treatment from defendant. Claimant did not lose substantial time from work as a result of this injury. Defendant rejected his requests in a letter dated October 14, 1969, resulting in this proceeding. On October 15, 1969, defendant had spinal surgery performed by Richard F. Berg, M.D., for the low back condition.
Claimant was 56 years old in 1966 when the accident in question occurred. He had followed logging principally, and other hard and hazardous labor all his working life. In different accidents before 1966, he had experienced fractures of both legs, a broken foot, four pelvic fractures, fractures of the L4 and L5 Vertebrae, and a skull fracture, loss of one eye, and a buttock and low back injury from a fall in 1963. Since leaving defendant's employment, he has had three work accidents resulting in minor claims  a foot, a face, and shoulder injuries, from all of which he has now recovered.
His orthopedic surgeon, Dr. Berg, positively attributes claimant's latest back problems to the May 1966 trauma, describing it as an aggravation of previously existing conditions. Another orthopedist, W.J. McHolick, M.D., who examined claimant for defendant, testified on direct examination that the May 1966 accident was not related to the present low back symptoms. He qualified this on cross-examination, and his written report also qualifies it, by saying that the May 1966 incident would have some effect, although he could not attribute any particular portion of present low back problems to any particular one of claimant's multiple injuries affecting that area. He noted that one leg is about one inch longer than the other attributable to pelvic fractures.
After reviewing this evidence the hearing officer said, "the weight of the medical evidence is that the May 20, 1966, injury is causally connected" to present trouble.
*433 The Workmen's Compensation Board, after observing that this was the most trivial of claimant's injuries, "and would have been ignored but for the opportunity to utilize" it as a vehicle for basing a claim, held that Dr. McHolick's opinion and "the total picture makes the reference of the physical problems to the May, 1966 injury quite illogical."
The circuit court found that the May 1966 injury "was a primary producing cause of the * * * difficulty he has since had in his lower back and legs," and reinstated the hearing officer's order which was for acceptance of the claim by defendant, and for further benefits, "including, but not limited to, all required medical services and disability compensation therewith associated until closure of the claim * * *."
Defendant argues in view of the extensive history of injuries, and particularly the 1963 injury to the same area, that it is too speculative to attribute the present trouble to the 1966 incident, which was trivial in nature. We would agree that claimant probably was going to experience some trauma that would aggravate his previous condition as it has been aggravated. In that sense, the cause is speculative, and, as both surgeons testified, it is difficult to say any one of the accidents caused the present trouble. They all had a part in the result. But, as Dr. Berg testified, the last trauma to the low back precipitated the onset of serious symptoms.
The employer takes the employe as he is. An aggravation by industrial accident of a pre-existing condition is compensable. Kehoe v. State Ind. Accident Comm., 214 Or. 629, 332 P.2d 91 (1958); Keefer v. State Ind. Acc. Commission, 171 Or. 405, 135 P.2d 806 (1943).
The facts and the medical evidence, as the hearing officer held, support the inference that the May 1966 injury was a contributory cause to claimant's low back condition which required treatment.
Affirmed.